Duer, J.
It is very clear that this demurrer must be allowed. All the facts which the complaint avers, may be true, and yet the plaintiff not have the shadow of a right to the *674 judgment which he demands. ' The only facts set forth in the complaint are, that on a certain day, one Price, by a warranty deed, conveyed the lots described to the" plaintiff, that the defendant is in the possession of the lots so conveyed, and withholds their possession from, the plaintiff. It is, however, quite certain that if, upon the trial of the action, these facts, and these alone, were proved on the part of the plaintiff, no evidence on the part of the defendant would be required. ’ The complaint would be at once dismissed. The facts, therefore, which it avers, do not show even a jorimá fade right to recover.
It is true that the complaint avers that, by virtue of the conveyance from Price, the plaintiff became seized by a lawful title of the premises in question, and is entitled to the possession, which the defendant unlawfully withholds; but these allegations are not of facts, which, as constituting the cause of action, the Code requires to be set forth, but are merely conclusions of law, which, as they do not follow from the facts previously averred, must be wholly disregarded.
The defendant, in an action to recover the possession of property distrained, damage feascmt, may aver in his answer, under § 166 of the Code, that he was lawfully possessed of the real property upon which the distress was taken, without setting forth his title; and it is perhaps to be regretted that a like compendious form of pleading has not been authorised in every action, in which an issue upon the title to real property is properly raised; but, as the Code is framed, the exception proves and establishes the general rule. It proves that, in every other action than that to which § 166 relates, a plaintiff or defendant, who relies upon his title to real property, must set it forth in his complaint or answer; that is, must set forth the facts which, if true, prove that the title, which he claims, exists.
I incline strongly to believe that the errors, which too frequently occur in pleadings under the Code, must be ascribed to a mistaken interpretation of the words, “ facts constituting a cause of action,” or “ a defence;” nor is the source of the mistake difficult to be explained. In writing, and in conversation, the term “fact” is frequently, and perhaps not improperly, ap *675 plied to an abstract proposition, a proposition true in morals or in law, but of which the truth depends, not upon testimony, but upon authority or reasoning, and in this sense of the term it is obvious, that every just conclusion of law is a fact. That such a conclusion, however, although just in itself, is not a fact within the meaning of the Code, is evident upon slight reflection, and a single example will be sufficient to prove.
There is no apparent impropriety in saying, “ It is a fact, that Peter owes John a sum of money,” but who will assert that a complaint would be good that should aver that the defendant owes the plaintiff a certain sum for which the plaintiff demands judgment, without alleging a single fact from which the debt could arise? Yet if the words of the Code, “facts constituting a cause of action,” refer to conclusions of law, and not to the facts from which, if admitted or proved, the conclusions are to be drawn, even such a complaint would be free from objection. It is in reality no worse than that now before me, nor than many that almost daily pass under our observation.
All these errors in pleading will be avoided if it is constantly remembered that the facts which the Code requires to be set forth are not true propositions, but physical facts, capable, as such, of being established by evidence, oral or documentary,' and from which, when so established, the right to maintain the action, or the validity of a defence, is a necessary conclusion of law—a conclusion which the court will draw, and which it is quite unnecessary that the pleader should state.
Approved upon consultation.
Demurrer allowed, with the usual liberty to the plaintiff to amend the complaint upon payment of costs.