## SUPREME COURT.

### AMY ENSIGN agt. RICHARD H. SHERMAN.

An action to recover the *possession* of *real estate*, and damages for withholding it, is founded upon seizin, possession under a lawful title by the plaintiff, or those through whom he claims, and an unlawful entry, ouster and withholding by the defendant. These are facts which must be both *averred* and *proved* in order to a recovery.

But the title to lands may, and ought to be pleaded, without alleging *seriatim* the chain or deduction of conveyances by which it is to be proved.

The Revised Statutes (2 *R. S.* 304, § 7) enacts that it shall be sufficient for the plaintiff to aver that he was possessed of the premises on a certain day, and being so possessed, the defendant entered into the same, and unlawfully withholds the possession thereof. This, among other provisions, is retained and made applicable under the Code by § 455.

Where the complaint alleged that the plaintiff "has lawful title as the owner in fee simple," to the premises described, and that "the defendant is in possession of said real estate, and unlawfully withholds the possession of the same from the plaintiff," *held*, insufficient on demurrer—not showing a legal grievance or cause of action.

The allegation that an act is "unlawful," is not the statement of a fact, but of a conclusion of law. The facts which make it unlawful must be pleaded as they are to be proved

*Dutchess Special Term, July,* 1856.

THE complaint in this action was substantially as follows:—
That the plaintiff has lawful title as the owner in fee simple to

the following described real estate, situated in the town of Dover and county of Dutchess, bounded and described as follows: (describing it.) And the defendant is in the possession of the said real estate, and unlawfully withholds the possession of the same from the plaintiff. Wherefore the plaintiff demands that the defendant may be adjudged to surrender the possession of the said real estate to the plaintiff, and to pay the plaintiff damages for the unlawful withholding of the same from the first day of May, 1849, &c.

The defendant demurred to the complaint, because, 1st. The complaint does not show any title or interest in the plaintiff to the land therein mentioned. 2d. That the said complaint does not show that the plaintiff was ever in possession of the property claimed in the same. 3d. That the said complaint does not state facts sufficient to constitute a cause of action.

RUSSELL G. DORR, *for plaintiff.*
TALLMAN & PAINE, *for defendant.*

EMOTT, Justice. At the argument I was strongly inclined against this demurrer. This inclination was very materially due to the impression, that in order to sustain it, and to concur in the opinion delivered in the case of *Lawrence* agt. *Wright,* (2 *Duer,* 673,) to which I was cited, I should be obliged to hold, that title to lands can only be pleaded by alleging *seriatim* the chain or deduction of conveyances by which it is to be proved. From such a view of the system of pleading which the Code intended to establish, I should be constrained to dissent, even if it were sustained by the decision of the superior court in the case to which I refer, and to which I would most cheerfully bow, if I had a right to consider it as an authority which exempted me from the duty of exercising my own judgment. But a careful consideration of the point involved in *Lawrence* agt. *Wright,* has satisfied me that the principles of that decision will not lead to this consequence; and a more deliberate examination of the complaint in this action has con-

vinced me that my first impressions were wrong, and that this demurrer is well taken.

The action is brought to recover the possession of real estate, and damages for withholding it. It is obvious, therefore, that it must be founded upon possession under a lawful title by the plaintiff, or those through whom she claims, and an unlawful entry and ouster by the defendant. These are facts which must be both averred and proved, in order to a recovery. The Revised Statutes, in abolishing the common-law action of eject-ment with its fictions, substituted a compendious form of de-claring, framed upon these principles.

Section 7, of the title of ejectment, (2 *R. S.* 304,) enacts that it shall be sufficient for the plaintiff to aver that he was possessed of the premises on a certain day, and that, being so possessed, the defendant entered into the same, and unlawfully withholds the possession thereof. I see no reason to doubt that this, among other provisions, is retained and made applica-ble under the Code by § 455; and if this complaint had con-tained the elements of a declaration, framed in accordance with this statute, I should have had little hesitation in holding it sufficient on demurrer—or to let in any proof at the trial.

This complaint alleges that the plaintiff " *has lawful title as the owner in fee simple* " to the premises described, and that " *the defendant is in possession of said real estate, and unlawfully withholds the possession of the same from the plaintiff.*"

It has repeatedly been decided, that the allegation that an act is " *unlawful,*" is not the statement of a fact, but of a con-clusion of law. If there are no other facts stated, showing that the particular act or refusal of the party which is complained of, is in violation of his own duty, or of the rights of others, the mere adding to the statement of any such act or refusal, the epithet of unlawful, will not be a sufficient averment of its wrongfulness or illegality, where the act is indifferent in its na-ture, and not evidently or essentially wrong, or criminal in itself. An act which may or may not be right and lawful according to the circumstances under which it is done, is not properly averred to be unjust and unlawful by merely calling it such. The facts

which make it a wrong must be pleaded as they are to be proved, and from them the conclusion follows that the party is acting unlawfully in what he does. All that there is in this complaint, therefore, is, that the plaintiff has lawful title to the premises as the owner in fee simple, that the defendant is in possession of the same, and withholds the possession thereof. It is sufficiently plain, from the mere statement of these allegations, that they do not show a legal grievance or cause of action. The facts here stated are consistent with many explanations, which would not entitle the plaintiff to any such judgment as she asks for—the expulsion of the defendant from the premises, and for damages. For instance, all the facts stated in this complaint might be true, as I have thus condensed them, stripping them of all averments of legal conclusions, which do not form any portion of the "*facts* constituting the cause of action," and yet the defendant may hold the premises under a valid lease from the plaintiff herself. This defect in the pleading would not be remedied by the insertion of a whole abstract of the plaintiff's title. For instance, if it were stated that A. B. conveyed to C. D., and C. D. to E. F., and E. F. to the plaintiff, and that all these grantees had successively lawful title, as owners in fee simple, that would still leave the matter precisely where it now is. The difficulty is, there is no allegation that the plaintiff or her grantor were ever in possession, and that such possession was disturbed, and they evicted by the defendant, or his grantors or predecessors. It is, indeed, quite clear, I think, that such a narrative or deduction of title would be bad pleading, as being a statement of evidence, not of facts. The plaintiff's title deeds would be evidence to show her seizin in law and fact. Actual seizin is a fact, and not a conclusion of law; and it is a fact essential to the maintenance of this action. Either the plaintiff or her ancestor must be shown to have had actual seizin and possession of the lands in dispute, and the plaintiff to have a present and immediate right to such possession, to maintain ejectment against this defendant. And it is because this complaint does not aver any such actual seizin and possession of the lands, any disturbance of it,

or any right to the possession now, that it is fatally defective. For the same reason, the complaint in the case reported in 2 *Duer*, 673, was demurrable. The averment that the plaintiff in that case had legal title, was not strengthened by the additional statement that it was derived from a conveyance of one F. P.; or that by such conveyance the plaintiff was seized of the premises, it being evident that by this was intended a seizin in law, and nothing being stated to show a seizin in fact, or a possession disturbed by the defendant. And therefore the learned judge well says, that the only facts stated were that on a certain day one P. conveyed the lots described to the plaintiff; that the defendant is in the possession of the lots so conveyed, and withholds their possession from the plaintiff. I should be unable to see how the introduction of any number of prior conveyances would have helped the complaint in that case or in this. The radical defect in the pleadings could not be cured in that way.

The plaintiff, in an action for the recovery of real estate, may frame his complaint in accordance with the rules given for a declaration in ejectment by the Revised Statutes. An actual seizin and possession by the plaintiff, and an unlawful entry and ouster by the defendant being thus alleged, it would of course frequently turn out that the facts proved at the trial might not correspond precisely with these allegations. The plaintiff might never have had actual possession of the premises in person, but only his ancestors, or those under whom he claims title: or the ouster and interference with that possession might have been committed, not by the defendant, but by his grantors or predecessors. These variances, however, the statute authorizes the courts to disregard. The complaint, drawn by the Revised Statutes, contains a complete and formal statement of a series of facts constituting a cause of action for the recovery of real estate, and the statute lets in any proof that will sustain a judgment for the plaintiff.

If, however, the statute form is not pursued, then the facts must be stated as they are, that the plaintiff, or some one under whom she claims title, was seized and possessed of the prem-

ises; that while such possession continued, the defendant, or some one under whom he claims, entered or held over after the determination of some estate or interest lawfully created, or otherwise, as the case may be, ousted the plaintiff or his ancestors, and deprived him of the possession, and still withholds it. The facts, upon the proof of which the action depends, are the title, *seizin and possession* of the plaintiff, entry, dispossession and withholding the premises by the defendant. These are facts which must be found in every case. They will of course be varied in their circumstances, and consequently must be variously alleged. The conveyances forming the chain of the plaintiff's title, are only the evidence of these facts, or of some of them. But the facts themselves are vital and essential, and without averring them a complaint must be defective.

This complaint is demurrable, because all its allegations of fact may be true, and still the defendant be rightfully in possession of the lands it describes.

There must, therefore, be judgment for the defendant, with leave to the plaintiff to amend, on payment of costs.