Walter *v.* Lockwood.

WALTER *vs.* LOCKWOOD.

In an action under the code, to recover the possession of real estate, the complaint is sufficient if it states that the plaintiff has the lawful title, as the owner in fee simple, to the premises described therein, and that the defendant is in possession of the premises, and unlawfully withholds possession of the same from the plaintiff, and the plaintiff demands that the defendant may be adjudged to surrender the possession to him, and to pay damages for the unlawful withholding of the same, &c.

*Lawrence* v. *Wright*, (2 *Duer*, 673,) overruled.

THIS was an action brought to recover the possession of certain real estate. The action was tried before a referee, who dismissed the complaint and rendered judgment against the plaintiff for costs, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The following is a copy of the complaint. "The complaint of the above named John Walter, plaintiff, respectfully shows this court that he has lawful title as the owner in fee simple to the following described real estate, situate in the village of Watkins, county of Schuyler, and state of New York, and bounded as follows," &c. "It being the equal south half part of a certain lot of land purchased by the said party of the first part of Samuel Watkins, and his wife Cynthia Ann, on the tenth day of May, in the year one thousand eight hundred and fifty-two, as by reference to the deed thereof made by the said Samuel Watkins and his wife, will more fully appear. And that the said defendant is in possession of the said real estate above described, and unlawfully withholds possession of the same from the said plaintiff, wherefore the said

plaintiff demands that the said defendant may be adjudged to surrender the possession of said real estate to the said plaintiff, and to pay said plaintiff damages for the unlawful withholding of the same, and for the rents and profits thereof to the sum of five hundred dollars, besides costs."

Judgment having been entered in favor of the defendant for costs, the plaintiff appealed to this court from the judgment.

*B. F. Gibbs*, for the appellant. I. All *forms* of pleading heretofore existing are abolished, and the rules, by which the sufficiency of pleading is to be determined, are those prescribed by the code. (*See* § 140.) The complaint must contain a plain and concise statement of the facts constituting the cause of action. (§ 142, *sub.* 2. *Fay* v. *Grimsteed*, 10 *Barb.* 321.) The words " facts constituting cause of action," in § 142 of the code, mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts. ( *Wooden* v. *Strew*, 10 *How. P. R.* 48.) This mode of pleading in an action of ejectment has never been disapproved, but on the contrary is impliedly held sufficient in 2 *Kernan*, 580 ; 12 *Barb.* 481, 486, *and* 9 *id.* 219, 226.

II. It is sufficient for the purpose of pleading, if a complaint establish a *prima facie* cause of action. It is not necessary to anticipate for the purpose of noticing and removing every possible exception, answer or objection that may exist. (1 *Chitty's Pl.* 222.)

III. *Facts* only are to be stated and not arguments, inferences, or matters of law. (1 *Chitty's Pl.* 214.)

IV. The complaint in this action is good. It sets forth the *facts* constituting the " cause of action," and not *evidence* of those facts. This is enough. (1 *Monell's Pr.* 363, *and ante. Garvey* v. *Fowler*, 4 *Sandf.* 665.)

V. The pleadings must contain *issuable* facts *essential* to the cause of action or defense, and not those facts and circumstances which go to establish such essential facts. (*Howard* v. *Tiffany*, 3 *Sandf.* 695. *Mann* v. *Morewood*, 5 *id.* 557. *Glenny* v. *Hitchins et al.* 4 *How.* 98. *Shaw* v. *Jayne et al. Id.* 119.

*Knowles* v. *Gee et al. Id.* 317. *Millikin* v. *Cary et al.* 5 *id.* 272. *Williams* v. *Hayes, Id.* 470. *Rens. & Wash. P. R. Co.* v. *Wetsel,* 6 *id.* 68. *Wooden* v. *Waffle, Id.* 145. *Boyce* v. *Brown,* 7 *Barb.* 80. *S. C.* 3 *How.* 391. *Fay* v. *Grimsteed,* 10 *Barb.* 321.) The criterion in every such case is whether the allegations in question can be made the subject of a *material* issue. (5 *How.* 470.) If the complaint contain these it is good. As to what is *material* issue, *see* 1 *Chitty's Pl.* 653, *h.; Gould's Pl. ch.* 6, § 26.

VI. A demurrer, (or an objection in the nature of a demurrer,) to a complaint, founded on the sixth subdivision of § 144 of the code, applies only to such defects as would render the complaint bad on a general demurrer at law, or bad for want of equity, in chancery. (*Richards* v. *Edick,* 17 *Barb.* 260.) A complaint to be overthrown by a demurrer (or an objection in the nature of a demurrer,) must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. (*Richards* v. *Edick,* 17 *Barb.* 270.)

VII. Inferences and conclusions of law are the province of the court, and not of the ·pleader; the complaint should state facts alone. (*Boyce* v. *Brown,* 7 *Barb.* 80; *S. C.* 3 *How.* 391. *Mann* v. *Morewood,* 5 *Sandf.* 557.) An averment that the plaintiff is entitled to the possession of premises described in a complaint, is a conclusion of law from the fact of title as the owner in fee simple, and is therefore, inadmissible.

VIII. In all real property actions, brought under the code, the law of the case is to be governed by the revised statutes; the practice, by the present mode of procedure. (1 *Whitt. Pr.* 410.) In the action of ejectment under the code, all the old formalities on the subject are entirely swept away, and the action must hereafter be conducted in strict accordance with the new practice, the remedy for mesne profits being joined in the same proceeding. (1 *Whitt. P.* 410. 1 *Code Rep.* 19.) An averment setting forth the fact that the plaintiff has lawful title, as owner in fee simple, to certain described premises, is a suffi-

Walter *v.* Lockwood.

cient averment of possession, because in the absence of any other title, it is a conclusion of law, that *prima facie*, he has the right of possession. *Title* in *fee simple*, being the highest and most perfect estate that can be had in land, it is unnecessary for the pleader to aver, that no other or lesser estate exists, which precludes a plaintiff's right to the immediate possession. If there be such intermediate estate, it is mere matter of defense, which the plaintiff is not bound to anticipate.

*Wood & Jamison*, for the defendant. The complaint in this action is insufficient, and does not state facts sufficient to constitute a cause of action. I. The code requires the complaint to contain " a plain and concise statement of the facts constituting a cause of action." (*See Code*, § 142, *sub.* 2 ; *also*, 2 *Duer*. 673.) The only allegation in this respect, (or which can be said to be a statement of facts,) contained in the complaint, is " that the plaintiff has lawful title, as the owner in fee simple, to the following described real estate, situated, &c. and bounded as follows." This is no more nor less than an allegation or conclusion of law, and is not a statement of the facts, out of which the title of the plaintiff or the cause of action arose. The words, " as the owner in fee simple," do not add to or give effect to the complaint, in the least, for they do not amount to an allegation that the plaintiff is the owner, in fee simple, of the premises in question, being in *effect* only an allegation that the plaintiff *has lawful title* to the premises in question, instead of his being the owner in fee simple of the same. (2 *Duer*, 670, 673, 349.)

II. The complaint does not allege that the plaintiff is entitled to the possession of the premises in question. The action of ejectment is an action for *the possession*, and the complaint should state facts showing, not only the title of the premises, but the right to the possession to be in the plaintiff at the time of the bringing of the action. The complaint should contain such a statement of facts, that if proved or admitted, the court could give the judgment demanded. ( *Tallman* v. *Green*, 3 *Sandf*. 438.) If the defendant should admit, in open court, that the plaintiff has lawful title to the premises in question, it would

Walter *v.* Lockwood.

not entitle him (plaintiff) to a judgment for the possession, for the reason that he no where alleges that he is entitled to the possession. (*Code,* § 142, *sub.* 2.)

III. The complaint should either have alleged facts showing a regular paper title, or actual possession in the plaintiff or grantor. (1 *Comst.* 529.) If the allegation that the property had been conveyed to the plaintiff would not be sufficient to show title, we cannot see how the sole allegation that the plaintiff has "*lawful title,*" to the premises can be sufficient. (*Gardner* v. *Heart,* 1 *Comst.* 529. *Lawrence* v. *Wright,* 2 *Duer,* 673.) It was held that in an action under the code, to recover the possession of real estate, *the facts* set forth in the complaint must show that the plaintiff has a legal title to the premises in question. The mere averment that he has such title is insufficient. "Facts constituting a cause of action, or a defense, in the sense of the code, are physical facts, capable of being established by oral or documentary proof, and are not propositions which are true in law."

IV. The complaint is insufficient under the revised statutes. "The complaint must allege that *on a day to be named* after his title accrued, the plaintiff was possessed of the premises in question—describing them—and that being so possessed, the defendant afterwards, on some day *to be stated,* entered into such premises and unlawfully withholds from the plaintiff the possession thereof." (2 *R. S. 4th ed. p.* 566, § 7.) "The general provisions of the revised statutes relating to actions concerning real property shall apply to actions brought under this act." (*Amended code,* § 455.) And the general provisions of the revised statutes for the recovery of real property as to what a complaint shall contain are still in force. The complaint in this case does not even allege that on *any certain day* the plaintiff was possessed of the premises in question, nor does it allege that the defendant, while in possession of the same, at any *particular time* entered into such premises, except the allegation, "and that the defendant is in the possession of the said real estate above described," which is not sufficient to comply even with the revised statutes. (*Amended code,* § 455. 2 *R. S. 4th*

*ed. p.* 566, § 71.) In a declaration in ejectment the averments of title must be of a day subsequent to the accruing of the title of the plaintiff, and the ouster. (*Siglar* v. *Van Riper*, 10 *Wend.* 414.)

MASON, J. When actions had names, this would have been known as an action of ejectment. The cause was tried before a referee, who nonsuited the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint states that the plaintiff has lawful title as the owner in fee simple to the following described real estate in the village of Watkins, county of Schuyler, and state of New York, and then gives the boundaries and description. The complaint then states that the defendant is in possession of the said real estate, and unlawfully withholds the possession of the same from the said plaintiff. Wherefore the said plaintiff demands that the said defendant may be adjudged to surrender the possession of said real estate to the said plaintiff, and pay the said plaintiff damages for the unlawful withholding of the same to the sum of $500, &c. This is a good complaint, either under the code or the revised statutes. It is a good complaint under the strictest rule of the code. It contains a plain and concise statement of the facts constituting the plaintiff's cause of action. The facts constituting the plaintiff's cause of action in this case are, that he has lawful title as owner in fee simple to these premises, and that the defendant is in the possession and unlawfully withholds the possession thereof from him. I can see no sense in requiring the plaintiff, after he had stated in his complaint that he was the owner in fee simple of these premises, and had lawful title thereto, and that the defendant was in possession and unlawfully withheld such possession, to go on and state that the plaintiff was entitled to the possession. The allegation that the plaintiff is the owner in fee simple and that the defendant is in possession and unlawfully withholds the possession thereof from the plaintiff, necessarily presents this very issue. The defendant could not unlawfully withhold the possession from the plaintiff, unless the plaintiff was entitled to the

possession. It has been thought by the profession quite generally, and by the referee in the case at bar, I have no doubt, that the case of *Lawrence* v. *Wright*, (2 *Duer*, 673,) conflicted with the views which I have taken of the complaint in the case at bar. The complaint in the case of *Lawrence* v. *Wright* averred that the premises were conveyed by Pierce to the plaintiff by a warranty deed, and that by virtue of that conveyance the plaintiff was seised of the premises, and had a lawful title thereto, &c. ; and upon demurrer the court held the complaint bad. If I deemed it indispensable to a decision of the case at bar to complain of the case of *Lawrence* v. *Wright*, I should feel myself bound to condemn that case, and vote for its reversal. And if the doctrine which seems to be thrown out by the judge in that case is sought to be impressed upon us here, I am not prepared to submit to it. The idea that in an action of ejectment under the code, the plaintiff must go on and state the facts which prove or establish that he is the owner in fee simple and has the legal title, is to my mind simply an absurdity. This would require him to state the evidence, in detail, by which, when he came to the trial, his case was to be proved. There is no rule better settled, under our present system of pleading, than that the party is not permitted in his pleading to state the evidence which goes to establish the facts of his case, but must be content with a plain and concise statement of the facts. This is too well settled to require a reference to the cases.

The defendant's answer in this case consists simply of a denial of each and every allegation in said complaint contained. Now what is the issue? The plaintiff alleges that he has lawful title, as owner in fee simple, to these premises. This is denied by the answer, and a perfect issue is made upon the plaintiff's title. The plaintiff alleges that the defendant is in the possession of the premises, and unlawfully withholds the possession thereof from him. This the defendant denies, and a perfect issue is formed, both as to the fact whether the defendant is in possession, and whether he unlawfully withholds that possession from the plaintiff. The judgment must be reversed and a new trial granted, costs to abide the event.

Walter *v.* Lockwood.

BALCOM, J. This action was brought to recover the possession of a lot of land situate in the village of Watkins, in the county of Schuyler. The action was tried before a referee, who dismissed the action on the ground that the complaint does not state facts sufficient to constitute a cause of action. Judgment has been entered in favor of the defendant for costs. I am of the opinion that the complaint is sufficient to entitle the plaintiff to recover. The form of the complaint need not be like declarations in ejectment, in suits under the revised statutes. (*Code,* §§ 69, 140. 2 *Kernan,* 165, 266.) The complaint in actions to recover the possession of real property must state facts instead of fictions, and its sufficiency must be tested by the code and not by the revised statutes. (*Code,* § 140.) The only provisions of the revised statutes made applicable to such actions, are those that relate " to the subject matter"of the actions, (*Code,* § 455,) and not those that relate to the form of the actions. I think Justice Harris erred in supposing the mode of pleading in such actions prescribed by the revised statutes is still in force, (12 *How. Pr. R.* 402,) and for the reasons before stated the decision in 2 *Duer,* 673, cannot be followed. I am therefore, in favor of reversing the judgment in this action and ordering a new trial; costs to abide the event.

GRAY and SHANKLAND, Justices, concurred in holding the complaint sufficient.

Judgment reversed.

[CHENANGO GENERAL TERM, October, 21, 1856. *Shankland, Gray, Mason* and *Balcom,* Justices.]