By the Court—Slosson, J.
The simple and only question presented by this appeal is, whether the plaintiff was bound, on these pleadings, to prove affirmatively want of title in the defendant, his grantor, or whether the affirmative of the issue was not with the defendant, to show title in himself at the time of the grant; in other words, on which party the burden of proof as to title rested.
The cause of action, is the breach by the defendant of his covenant of seizin, and the form adopted in this complaint of stating that cause of action, by alleging the breach in the words of the *572 covenant itself, is all that would have been required under the old system of pleading.
So also the answer, in affirming title in the defendant in the words of the covenant, would have been a perfect plea in bar under the former system, and to this plea a replication reaffirming the allegation of want of title in the defendant, in the language of the complaint, without setting out in whom the title in fact was vested, would have been good. (Abbott v. Allen, 14 J. R., 248.)
Since the Code, every complaint must contain a statement of the facts constituting the cause of action. Whether an allegation of want of title in the defendant is an averment of a fact or of a conclusion of law, I will not stop to inquire; since the objection to the sufficiency of the complaint was neither taken by demurrer nor on the trial. Had such an objection been taken it might have presented, perhaps, a question of some difficulty. (Laurence v. Wright, 2 Duer, 673; Schenck v. Naylor, id., 675.)
The parties having gone to trial on these pleadings, the question is, with whom is the affirmative of the issue? The defendant contends that even if it be conceded that on a simple negation of seizin on one side, and affirmance of it on the other, in the language of the covenant, the affirmative would be with the defendant who asserts the title; yet the plaintiff in the present instance not having contented himself with such a simple statement of his cause of action, but having affirmatively alleged that the title “ was in some person other than the defendant,” and who had not conveyed the same to the party through whom, by the recitals in the deed, the defendant professes to have derived his title, is bound to show affirmatively the truth of his allegation.
If, without this allegation, the plaintiff would not have been obliged, in the first instance, to have proved title in some person other than the defendant, does the allegation throw that burden on him ?
I think the defendant is mistaken in his construction of this sentence. It is to be observed that it immediately follows the words in which the plaintiff negatives the language of the covenant, "and is prefaced with the expression, “but on the contrary thereof,” &c. We think that, in truth, it forms part of the gene *573 ral averment in which title is denied to be in the defendant, and was manifestly intended by the pleader to assert such want of title, in the double form of an assertion of a proposition and a denial of the contrary of it. The complaint was perfect without it, (or must, on this appeal, be assumed to be so;) and I do not think is hurt by it. If it had asserted in whom the title was, the consequences might have been different; but as it is, it is in reality but a denial of title in the defendant, and nothing more. Besides, all the reasons which, in this peculiar action, would throw the burden of proof on the defendant are as applicable, with this allegation in the complaint, as they would have been if it had no place in that pleading. If, by reason of it, the burden of proof was on the plaintiff, he would be obliged to prove an absolute title in some other party; whereas, as all the cases hold, he is not presumed to know the exact condition of the title of his grantor. This is the reason given in the books why the burden of proof is on the defendant. He has purchased in reliance upon the covenant of title; and when that is impeached or denied, the grantor is bound to assert and maintain it. In the language of the case in 14 Johnson’s Reports, “it is enough if he suspects the grantor’s title to be defective. He is not bound to wait in suspense until by possibility he can find out in whom the title really is.” If the defendant had no title when he made his conveyance, the covenant was broken the moment it was made, and for this reason, all that the plaintiff need allege is simply a breach of the covenant, by negativing the words of it. A breach of the other covenants can only be shown by matters occurring after they are made; and, hence, it is necessary to allege and prove such subsequent matters. The case of a breach of the covenant of seizin and the right to convey is, in respect to the order of proof, strictly exceptional.
I think the case of Abbott v. Alien, above cited, conclusive on this question; and to the same effect are numerous other authorities. The case of Marston v. Hobbs, (2 Mass., 433,) asserts the same thing. The rule is laid down in Bradshaw's case, (9 Coke’s R., 60,) and has been fully recognized by our own decisions; nor has any distinction been made between the case of a covenant of seizin in alease, which was Bradshaw's case, and that of a covenant in a deed in fee. Of both it is true that it lies more in the *574 knowledge of the grantor what estate he hath than in that of the grantee.
In Abbott v. Allen, the breach was assigned generally in the words of the covenant—the conveyance being in "fee. The plea was that the defendant was lawfully seised, &c., in the words of the covenant, and the replication was, that the defendant was not seised, &c.; still following the words of the covenant, and repeating the allegation of the breach as laid in the complaint. The defendant demurred to the replication on the ground that it did not show in whom the title was, whereby the defendant was not seised, &c. The very point, therefore, which party was to allege, and consequently prove, the actual title, was involved, and the Court held the demurrer ill taken, and gave judgment for the plaintiff; and it seems, by a note at the foot of the case as reported, that they also gave judgment in the same manner, on the same question, in another case, not reported. (Sebeer v. Kimball.)
In Glinister v. Audley, (Sir Thos. Raymond’s R., 14,) on a demurrer to a similar replication, (the conveyance being in fee,) the point relied on was, that “ the plaintiff ought to have shown of what estate the defendant was seised, in regard he had departed with all his writings concerning the land, in presumption of law, and therefore the plaintiff well knew the titleand it was contended that it was not like Bradshaw's case, “ because there the covenant was with the lessee for years, who had not the writings;” but it was held .that the breach was well assigned according to the words of the covenant, and judgment was given for the plaintiff.
The case of Salman v. Bradshaw, (Cro. Jac., 804,) was on breach of covenant in a lease, the covenant being that the lessee had lawful estate to let for the term, the assignment of the breach was general in the words of the covenant, and held good.
In Abbott v. Allen, the language of the Court is unqualified. The grantor, giving such a covenant, is not bound to deliver to his grantee the prior deeds and evidences of his title. The legal presumption is that he retains them. The grantee relies on the covenant of the grantor that he has a good title, “ and until the grantor discloses his title, he (the grantee) holds the negative merely, and is not bound to aver or prove any fact in regard to an outstanding title. Prima fade the grantee is to be presumed *575 ignorant of the real state of the title. The grantor is not bound unless by suit to explain his title.”
The whole subject is reviewed in a learned note (10) in 2d Saunders’ Reports, 181, a., and the distinction between this and the other covenants in a deed pointed out, and the cases cited.
The case of Tallmadge v. Wallis, (25 Wend., 107,) is not in conflict with Abbott v. Allen. ' The only question in that case was whether a plea of want of seizin in the grantor was a good defense to an action on the bond for the purchase money, and it was held that it was not because such a plea did not show a total want of consideration, and therefore as a plea in bar was defective. Had it shown that the defendant had been evicted, or that the grantor, the plaintiff, had no estate in the premises, or that some other person had the entire estate, it would have gone to the whole consideration; but the plaintiff may have had no legal seizin in fee, and yet have had a title by occupancy, which passed under the deed, and thus furnished some consideration for the bond. The case arose on a demurrer to this ‘plea.
To the same effect is Whitney v. Lewis. (21 Wend., 131.)
The case of Kennedy v. Newman, (1 Sandf. Sup. C. R., 187,) is relied upon by the. defendant as showing that the affirmative of proof is with the plaintiff in this action. We are unable to perceive this. The suit was evidently on the covenant against incumbrances, and the incumbrance set up in the complaint and attempted to be proved, was a lien acquired by a purchaser at an assessment sale before the conveyance to the plaintiff, and which the plaintiff had bought off, and the Court held that the plaintiff had failed to establish all that was necessary to show a valid assessment, and a nonsuit was directed. The head note would seem to indicate that the action was on the covenant of seisin; but if it were, the question of who had the affirmative of the issue, could not have arisen, since the plaintiff set out the assessment sale and his settlement with the purchaser in his complaint, and the defendant pleaded no such assessment. Hnder such a state of pleadings, the burden of proof was necessarily on the plaintiff.
We think the Referee erred in his conclusions, and that there should be a new trial, costs to abide the event.
Judgment reversed, and new trial ordered accordingly.