DANIEL D. MERRILL *vs.* SAMUEL DEARING.

February 8, 1876.

**Ejectment—Requisites of Complaint.**—A present ownership in fee simple, and right to the immediate possession of real property by plaintiff, together with a wrongful possession and unlawful withholding thereof by defendant, constitute a good cause of action for the recovery of real property, and a complaint which plainly and concisely states these facts is sufficient.

**Complaint—Separate Causes of Action.**—The mere fact that the several paragraphs of a complaint are separately numbered is of itself insufficient to determine their character as separate and distinct counts, or causes of action.

**Same—Joinder of Claims Affecting Real Property.**—Claims to recover real property, with damages for withholding thereof, and the rents and profits of the same, may be united in the same complaint.

Complaint as follows, verified March 3, 1875 :

" The plaintiff complains and alleges :

" 1. That he is now, and for more than two years last past has been, the owner in fee simple of, and seized of an estate of inheritance in, and is now, and has been during all the time of his said ownership, entitled to the possession of, the following described real estate," (particularly describing it.)

" 2. That defendant is now, and has been for more than seven years last past, and since the year 1866, wrongfully and unlawfully in possession of said premises, and wrongfully and unlawfully withholds the same from the plaintiff, to his damage in the sum of five hundred dollars.

" 3. That the value of the rents and profits of the said lands and premises, during the time the same have been so wrongfully and unlawfully withheld from the possession of the plaintiff as aforesaid, is one thousand dollars.

" Wherefore the plaintiff demands judgment against the said defendant : 1. For the restitution of said lands and premises. 2. For the sum of five hundred dollars damages for the withholding thereof. 3. For one thousand dollars, the value of the rents and profits thereof, together with the costs and disbursements of this action."

To this complaint the defendant demurred on the following grounds :

1. Because several causes of action are improperly united therein.

2. Because said complaint does not state facts sufficient to constitute a cause of action.

" 3. Because the said complaint does not state facts sufficient to constitute the first alleged cause of action attempted to be set forth therein.

" 4. Because the said complaint does not state facts sufficient to constitute the second alleged cause of action attempted to be set forth therein."

" 5. Because the said complaint does not state facts sufficient to constitute the third alleged cause of action attempted to be set forth therein."

The demurrer was overruled by the district court for Ramsey county, *Wilkin,* J., presiding, and defendant appealed.

*Lamprey & James,* for appellant.

*A. R. Capehart,* for respondent.

CORNELL, J. The demurrer interposed in this case is not to any particular count or alleged cause of action, but to the whole complaint, specifying five distinct grounds. Hence, if the complaint is not insufficient by reason either of an improper joinder of different causes of action, or of a failure to disclose facts sufficient to constitute a cause of action, the demurrer must be overruled.

To the objection that three alleged causes of action are improperly united, to wit, a claim to recover possession of certain real estate, damages for a wrongful detention, and a claim for the rents and profits of the same during such unlawful detention, it is a sufficient answer that the statute (Gen. St. ch. 66, § 98, sub-div. 5,) expressly allows " claims to recover real property, with or without damages for withholding thereof, and the rents and profits of the same," to be united in the same complaint.

A present ownership in fee simple, and a right to the immediate possession of real property, on the part of the plaintiff, together with a wrongful possession by defendant, and an unlawful withholding of the possession from the plaintiff, constitute a good cause of action for the recovery of real property, and a complaint which plainly and concisely states these facts is sufficient under the code. *Walter* v. *Lockwood*, 23 Barb. 228. In this respect the complaint in this case is sufficient.

The mere fact that the complaint is divided into several paragraphs, each separately numbered, is alone insufficient to identify them as distinct counts, relating to different causes of action. In neither is the matter therein contained set up as a separate cause of action, and cannot be so regarded unless the nature of the matter requires it. It follows from this view of the complaint that its sufficiency is not to be determined by a consideration of either of its several paragraphs, separately and alone. The facts stated in the first and second paragraphs are sufficient to constitute a cause of action for the recovery of the real property therein described.

Conceding the correctness of defendant's position that plaintiff's title or ownership accrued subsequent to the commencement of defendant's possession, and that, as against a prior presumed lawful possession, facts should be stated showing its termination, or that it has become unlawful, it is inapplicable to this case, because the only possession which the complaint admits or states that the defendant ever had was a wrongful and unlawful one.

Order affirmed.