# N. Y. COMMON PLEAS.

## MILTON T. WOOLLEY *agt.* RICHARD S. NEWCOMBE.

*Pleading on covenants — insufficiency of complaint under the Codes.*

In an action for breach of covenant of seizin, the complaint must point out the defect complained of, and tender an issue of fact to be sustained and to be met by proof.

The Codes make no exception in pleading in actions of this kind and other actions. Whatever may have been the practice before the Codes in such a case, it is now the same as other actions.

*General Term, March,* 1880.

APPEAL from judgment of this court at special term, entered upon dismissal of the complaint.

On the 31st of March, 1876, the respondent and his wife conveyed to the appellant, by a warranty deed, land in the state of New Jersey. The deed contained a covenant of seizin in the usual form. Without having been evicted or disturbed in his possession, the appellant brought an action averring a breach of the covenant. The answer admitted the making of the deed, and denied each and every other allegation of the complaint. On the trial, the plaintiff having put the deed in evidence, rested without any other proof. On motion the complaint was dismissed.

*Richard S. Newcombe (Albert Cardozo,* of counsel), respondent in person.

I. The common-law rules of pleading have been abolished, and the form of pleading and the rules by which the sufficiency thereof is determined, are regulated by the Code (*sec.* 518).

II. The complaint must state the facts showing a cause of action; and those facts must be proven. (*a.*) That which

need not be proven is immaterial and might be stricken out. Could the averment of breach of the covenant be stricken out as immaterial? Clearly not; what cause of action would a complaint contain which merely showed the making of a covenant and averred no breach?

III. The answer denied the breach alleged. (*a.*) That is the form prescribed by the Code. The pleader could resort to no other. If it be said that such a denial would be the general issue under the old system, and that in action of covenant, the plea had to be special, the answer is, those rules no longer exist. The answer is to be tested by the rules of pleading made by the Code, and the Code authorizes a general denial of any material averment.

IV. The answer made a good issue, and the plaintiff was bound to prove the breach, unless the mere averment of a cause of action, makes out one without proof.

V. If the common-law rule of pleading prevailed, the result would be the same. (*a.*) The plaintiff would declare on the covenant and aver breach. (*b.*) The defendant would plead that he was seized, &c. (*c.*) The plaintiff would make replication, showing the particular defect relied upon, and the burthen would rest upon him to prove it.

VI. The plaintiff was bound to prove the breach; and failing to do so his complaint was properly dismissed (*See Ingalls* agt. *Eaton,* 25 *Michigan,* 32, *per* Cooly, J., *reviewing the authorities*).

VII. The judgment should be affirmed, with costs.

*George H. Fletcher* for appellant.

I. Unless the grantor was seized in fee, the making of the covenant by him was, at the same time, its making and its breach. This covenant is proverbial in law as attended by liabilities peculiarly its own, and not incident to any other covenant in conveyances. When a grantor covenants in his deed that he is seized in fee, &c., and the fact is that he has either a lesser estate or no estate whatever, it is reason, as well

as settled and axiomatic law, that the covenant is broken the instant it is made, for, unless this be so, no succeeding circumstance could ever make such a breach. If the grantor has not conveyed a fee as he covenanted, he has broken his covenant by the very word; if an eviction were necessary, the grantee must suffer hardship if he must wait therefor; because, if he purchase, relying on the covenant, as he most assuredly has a right to do, then when he desires to sell he must commit a fraud by suppression of the truth, assume a clear and certain liability to come home to him any time within twenty years, or wait until he is evicted by legal process. Either event is a damage in itself; the law, therefore, justifies the reason, by declaring that the covenant of seizin, if broken, is broken the moment it is made (*Bac. Abr., title, Covenant H, P.* 594, *B.* 595; *Greenby* agt. *Willcocks*, 2 *Johns.,* 5; *Hamilton* agt. *Wilson,* 4 *Johns.,* 71; *McCarty* agt. *Leggett,* 3 *Hill,* 134; *Coit* agt. *Reynolds,* 2 *Robt.,* 658; *Abbott* agt. *Allen,* 14 *Johns.,* 253).

II. The burden of establishing the title is on the defendant, and not on the plaintiff, in an action for damages for breach of the covenant of seizin. It is a fundamental rule of practice that no party shall be called on to prove a negative; therefore, no plaintiff can be called to establish that the defendant was not seized in fee. Particularly will this be the rule where the means of proof and the knowledge of the state of the title are with the defendant. If this covenant were merely a representation and not a binding contract, and the grantor had assumed to know that the title was one in fee simple, and he was able to prove that he was ignorant of the true state of the title, even then he would be held if his representations were false. But, in this case, where by his own act the grantor has simultaneously made and broken a covenant, and taken upon himself the responsibility of his covenant being inconsistent with the facts, courts have uniformly and properly held that he must carry in a trial the burden which he has assumed, when called by the grantee so

Woolley agt. Newcombe.

to do (*Bac. Abr., Covenant I, page* 599, *K. p.* 605; *Abbott* agt. *Allen,* 14 *Johns.,* 253; *Potter* agt. *Kitchen,* 5 *Bosw.,* 566; *Rawle on Covenants for Title* [*4th ed.*], *p.* 84; *Suafford* agt. *Whipple,* 3 *G. Green* [*Iowa*], 264). Since the earliest times it has been uniformly the rule that, in actions of this sort, the burden of proof as to the breach of the covenant is upon the defendant, and not upon the plaintiff. That this remains the rule the above cases sufficiently establish.

III. The measure of damages in this action was the consideration-money paid. This the consideration clause of the deed completely established. It was for this purpose that the deed was offered in evidence by plaintiff solely upon the question of damages (*Pitcher* agt. *Livingston,* 4 *Johnson,* 1; *Rawle on Covenants,* 4 ed., *p.* 237; *Sedgwick on Damages,* 181).

IV. The plaintiff has made a full case upon the pleadings and proofs entitling him to judgment for the sum of $6,000. The making of the covenant is not only admitted but proved by the deed, and the amount of the damages being regulated by the amount of the consideration-money that is determined by the deed also.

V. The defendant has, by his motion to dismiss, stipulated to abide by the case as it stands. He claimed he was hereby entitled to judgment. The plaintiff claimed he was thereby entitled to judgment for $6,000. The plaintiff desires no new trial. The defendant cannot ask for one. If he has failed he is not in any position to do else than to fail utterly. The motion for judgment in favor of plaintiff should have been granted. Under the exception taken it should now be granted (*Potter* agt. *Kitchen,* 5 *Bosw.,* 566). If, therefore, the court concludes that the motion to dismiss was improperly granted, then the motion for judgment was improperly denied and this court cannot direct a new trial in order to confirm the rights of plaintiff, which can and ought to be fixed by granting the motion for judgment in favor of the plaintiff.

VI. This judgment should be reversed and judgment abso-

lute, upon the pleadings and proofs, should be granted to plaintiff for the sum of $6,000.

J. F. DALY, *J.* — It has been held in this state that in an action for the breach of the covenant of seizin in a deed of land, the plaintiff in his complaint may assign the breach by simply negativing the words of the covenant, and if the answer aver the contrary, *i. e.*, that the defendant was the true and lawful owner, in the exact words of the covenant, the defendant holds the affirmative of the issue and the burden of proof, and must prove his title (*Potter* agt. *Kitchen*, 5 *Bosw.*, 566; *Abbott* agt. *Allen*, 14 *J. R.*, 248).

The supreme court of Michigan (*Ingalls* agt. *Eaton*, 25 *Mich.*, 32) has decided, however, that where, in such an action, the breach is assigned in general terms and the defendant pleads the general issue, the mere production of the deed is not sufficient to maintain a recovery by the plaintiff, and does not cast upon defendant the burden of proving his title.

The opinion of COOLEY, J., delivered in the case, shows that the decision is not put upon the distinction in the pleas but upon grounds which assail the authority of the cases above cited in this state.

The whole question depends upon the sufficiency of the complaint under the Code, a question still open and which should be now determined, because if we reverse this judgment upon the authority of *Potter* agt. *Kitchen* a new trial must be ordered and defendant can, and of course will, take the objection at the next trial that the complaint does not state facts sufficient to constitute a cause of action, a right reserved to him, although he has not demurred (*Code, sec.* 499).

A doubt as to the sufficiency of the complaint ·in the form presented in this action and in *Potter* agt. *Kitchen*, was started in the latter case in the opinion written by SLOSSEN, J., and concurred in by HOFFMAN and WOODRUFF, JJ. He says : " Since the Code, every complaint must contain a statement of the facts constituting the cause of action. Whether

Woolley agt. Newcombe.

an allegation of want of title in the defendant is an averment of a fact or of a conclusion of law, I will not stop to imagine, since the objection to the sufficiency of the complaint was neither taken by demurrer nor on the trial. Had such an objection been taken, it might have presented, perhaps, a question of some difficulty (*Lawrence* agt. *Wright*, 2 *Duer*, 673 ; *Schenck* agt. *Naylor*, *id*., 675).

The first of the cases cited by the learned justice holds that, in an action to recover the possession of real estate, the facts set forth in the complaint must show that the plaintiff has a legal title to the premises in question; the mere averment that he has such a title is insufficient; that the facts which the Code requires to be set forth are not true propositions, but physical facts, capable, as such, of being established by evidence, oral or documentary. The case of *Schenck* agt. *Naylor* holds that, in an action to recover damages for the breach of a covenant, if the complaint does not show, either by express words or by a necessary implication, that the covenant is broken by defendant, it is bad upon demurrer ; and that the defect is not cured by a general allegation that the acts set forth were " a violation of defendant's covenant," for these words aver only a conclusion of law, and are irrelevant and nugatory if the conclusion is not justified by any facts stated in the complaint.

In actions to recover the possession of property distrained doing damage, an answer that the defendant, or the person by whose command he acted, was lawfully possessed of the real property, upon which the distress was made, shall be good without setting forth the title (*Code of Procedure*, sec. 166). But this is the only exception to the rule that facts, and not conclusions of law, must be pleaded. (*Code*, secs. 481, 500). So that, although the action upon the covenant of seizin was, under the old practice, exceptional in that all the plaintiff need allege was a breach of the covenant, by simply negativing the words of it, the Code makes no exception in such an action, the plaintiff being required, in all cases, to set forth

in his complaint "a plain and concise statement of the facts constituting such cause of action, without unnecessary repetition."

But it is said, in the authorities cited in *Potter* agt. *Kitchen*, that this action on the covenant of seizin is exceptional, also, in that the defendant has the affirmative of the issue in all cases, because the plaintiff cannot be required to prove a negative, *i. e.*, that defendant had no title, and besides is not presumed to know the exact condition of his grantor's title, who is not bound to explain it except by suit (*Abbott* agt. *Allen*, *supra*).   However good these reasons may be, or may have been when first suggested, for casting the onus of proof on defendant, and, consequently, of permitting plaintiff to aver a mere conclusion of law, the legislature, in framing the Codes, considered that they had lost what force they possessed, and concluded, therefore, to make no exception, as to pleading and proof, between this and other actions.   In these days of the recording acts, when conveyances, constituting the grantor's chain of title, are notice to the whole world, and the presumption that the grantee does not know that title, is hardly to be entertained, the legislature has deemed it proper to require the grantee to point out the defect he complains of, and tender an issue of fact to be sustained, and to be met by proof.   It is certain that the system of pleading established by the Codes permits no such thing as a *recovery without pleading or proving a single fact*, and yet this was the rule in actions of this character, before the Codes, for, under the pleadings, if neither party gave any evidence, the plaintiff was entitled to recover.

I am in favor, therefore, of affirming this judgment dismissing the complaint, because no facts are averred constituting a cause of action.

VAN BRUNT, J., concurred.