CAROLINE OVERBAGH and CLARA E. ELTING, Respondents, *v.* MINARD OATHOUT, Appellant.

*Ejectment — a complaint upon three separate leases — the three causes of action must be separately stated and numbered — allegation as to title — Code of Civil Procedure,* § 483.

A complaint in an action of ejectment for non-payment of rent, which sets forth three leases, of different dates and covering different pieces of property, and contains no separate allegation as to the rent reserved or the amount in arrear upon each of the leases, contains three separate causes of action which should be separately stated and numbered.

A general allegation in a complaint in ejectment, that the plaintiffs now are and for six years last past have been the owners of all the right, title and interest of the lessor in the demised premises and in the rents, covenants and reservations contained therein, and are entitled to receive the rents therein reserved, is sufficient for the purposes of the action ; and the plaintiff is not required to state how he acquired title to the premises.

APPEAL by the defendant, Minard Oathout, from so much of an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 1st day of August, 1895, as denied the application of the defendant that the plaintiffs be required to make their complaint more definite and certain in the following respects, to wit:

By having the statement of facts of each one of the three alleged causes of action set forth in said complaint stated therein separately and numbered; also, by having stated in said complaint the amount in arrears for rent on each one of the leases therein set forth; also, by having stated in said complaint what part of the right, title and interest of the said grantee in said leases said defendant has been the owner and in possession of for five years and upwards; and, also, by having stated in said complaint in what manner the plaintiffs acquired title to the rights and interest of said leasor, Isaac D. Ver Planck, in said demised premises. An appeal was also taken from the decision of the court refusing to award costs to the defendant on said motion.

*Andrew Vanderzee*, for the appellant.

*Edgar T. Brackett*, for the respondents.

PUTNAM, J.:

This is an appeal from an order denying, in part, defendant's motion to have the complaint made more definite and certain and to have separate causes of action therein separately stated.

The action was ejectment for non-payment of rent, and the complaint set forth three leases; the first, by Isaac D. Ver Planck to David Lester, dated March 15, 1791, covering 137 acres; the second, made by Isaac D. Ver Planck to David Lester, dated on the 12th day of September, 1797, covering fifty-one acres, from which thirty-eight acres have been released; and the third, made by Isaac D. Ver Planck to David Lester, dated June 20, 1801, covering fifty-nine acres.

The complaint stated that the yearly rent reserved in the leases was thirty-four and one-quarter bushels of good merchantable wheat or twenty and four one-hundredths dollars, to be paid on the first day of May in each year, but did not state the rent reserved or amount in arrear on each lease; that the plaintiffs have succeeded to the rights, title and interest of Isaac D. Ver Planck in the demised premises, and the rents, covenants and reservations in said leases; that the defendant is owner of a part of the right, title and interest of David Lester, the lessee aforesaid, and is in possession of a portion of the leased lands. The complaint alleged that notice of intention to re-enter has been given and asked to recover the premises with $195.27 for withholding the same.

The motion was granted in part by directing the service of an amended complaint, stating the amount of the annual rent reserved on each lease, but denying the motion in all other respects.

I think the complaint contains three separate causes of action, which, under the provisions of section 483 of the Code of Civil Procedure, should have been separately stated and numbered. It sets up three separate leases under which the plaintiffs claim to recover. They could have brought and maintained an action under each lease separately, and a judgment for or against them would not have estopped them from maintaining a suit on the other leases. It is difficult to see why the causes of action in favor of plaintiffs under the several leases mentioned in the complaint are not as much separate as if the action were brought upon three promissory notes or three bonds.

On the trial plaintiffs will be compelled to produce different evidence to maintain their separate causes of action under each of the three leases; they will be obliged to show in each case the lease, the fact that defendant is in occupation of the premises therein described, a breach of the covenants contained in the lease giving a right of re-entry and notice of intention to re-enter. The judgment in the action must determine the amount of rent due on each lease, and the defendant, before judgment or within six months after plaintiffs are put in possession of the premises thereunder may pay up the rent in arrear.

Hence the same evidence will not support the several causes of action under the several leases set out in the complaint. The cause of action under each lease will require different testimony.

. Although the action is ejectment plaintiffs' claim is founded upon written instruments reserving an annual rent, and upon defendant's breach of the covenants contained in said instruments and upon the right to re-enter therein contained. Hence the action is in fact upon three sealed instruments, and it is quite clear that it contains three separate causes of action.

That the different causes of action set forth by plaintiffs should be separately stated is apparent. The defendant may wish to contest as to one and not as to the others. He may conclude to pay the rent in arrear on one of the leases and otherwise contest plaintiffs' claim. With the complaint as it is defendant would be seriously embarrassed in answering or conducting his defense.

If the several causes of action in the complaint are separately stated, plaintiffs will necessarily be compelled to set forth in their pleading which of the leased lots they claim defendant is the owner and in occupation of, subject to the aforesaid leases.

It has been held that a complaint in an action of ejectment is sufficient if the plaintiff alleges that he is seized and possessed of some interest in the premises and entitled to the possession thereof, and that he is not compelled to show how he acquired title to the premises. (*Austin* v. *Schluyter*, 7 Hun, 275; *Walter* v. *Lockwood*, 23 Barb. 228; *People* v. *Mayor of New York*, 28 id. 248.)

So, I think, the general allegation in the complaint that the plaintiffs are now and for six years last past have been the owners of all the right, title and interest of the lessor in the demised premises and

the rents, covenants and reservations therein, and entitled to receive the rents therein reserved, is sufficient.

No question as to whether the complaint, as it is framed, states a cause of action has been discussed by counsel for the respective parties or is before us for consideration. Were it otherwise, we should doubt whether the pleading sets forth sufficiently the cove-nants contained in the leases, or any facts showing a breach of the conditions thereof, which entitle the plaintiffs to re-enter or maintain the action.

The order should be modified by requiring, in addition to the amendment therein directed, that the separate causes of action set forth in the complaint shall be separately stated and numbered, and, as modified, affirmed, with ten dollars costs and disbursements to appellant.

HERRICK, J., concurred; MAYHAM, P. J., not sitting.

Order modified, and, as modified, affirmed, with ten dollars costs and disbursements to appellant.

