THEODORE PAYNE and SQUIRE P. DEWEY, Respondents, *v.* JAMES P. TREADWELL, Appellant.

The mere averments in a complaint that the plaintiffs have lawful title as owners in fee simple of the premises. and that the defendant is in possession, and unlawfully withholds the same, are insufficient to maintain an action of ejectment.

The action of ejectment is merely a possessory action, and is confined to cases where the claimant has a possessory title; that is to say, a right of entry upon the lands. To support it, four things are necessary, viz: title, lease, entry, and ouster.

Notwithstanding our statute has dispensed with the old form of pleading, and it is no longer necessary to allege a fictitious demise, still, facts sufficient must be pleaded to show the plaintiffs' right to recover, and it will not do to state conclusions of law in place thereof.

In real actions, it is necessary for the demandant to allege, and, if traversed, prove a seizin in himself, or his ancestors through whom he claims; and in general. it is also necessary to aver that he was seized by taking the esplies or profits.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

Ejectment for a certain lot in San Francisco. The facts material to the points decided appear in the opinion of the Court.

Appellant, *pro persona*.

Cited 1 Ch. Pl., 196. Gould's Pl, 183, § 29. Dally *v.* The King, 1 H. Black., 1. Booth on Real Actions, 111. Roscoe on Real Actions, 177. Damsday *v.* Hughes, 3 Bing., N. C., 439. Williams *v.* Woodward, 7 Wend., 254. Wells *v.* Prince, 4 Mass., 64. Ward *v.* Bartholomew, 6 Pick., 413. People *v.* Livingston, 8 Barb., 276; 6 Hill, 638; 5 Cow., 188.

*Janes, Doyle, Barber*, and *Boyd*, for Respondents.

The complaint gives the defendant the same notice of the plaintiffs' title as he would have had under the common law system of pleading. Black. Com., 203, 204. 2 Steph. N. P., 1417. 3 Bac. Ab., 256, title Ejectment.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The declaration in this case alleges " that the plaintiffs have lawful title as owners in fee simple of the premises, and that the defendant is in possession and unlawfully withholds the same."

Treating this as a declaration in ejectment, it is insufficient, under the most liberal construction of our Practice Act. The action of ejectment is merely a possessory action, and is confined to cases where the claimant has a possessory title—that is to say, a right of entry upon the lands. To support it, four things are necessary, viz., title, lease, entry, and ouster.

Notwithstanding our statute has dispensed with the old form of pleading, and it is no longer necessary to allege a fictitious demise, &c., still I apprehend that facts sufficient must be pleaded to show the plaintiffs' right to recover, and it will not do to state conclusions of law in place thereof.

The allegation that the defendant is in possession, and unlawfully withholds the premises, is insufficient: it is a conclusion of law drawn from the character of the defendant's possession, the circumstances of which should be stated.

For aught we may know, the defendant may be in possession as a tenant or otherwise, and his possession perfectly consistent with the plaintiffs' title; in other words, the declaration asks the Court to presume that the defendant has been guilty of a trespass.

It is said that a different rule obtains in New-York. No authorities have been cited to sustain this position, except Monell's Practice, a mere book of forms, which I apprehend would weigh but lightly when tested by the reason and the philosophy of the rule.

The case of Goodwin v. Stebbins, 2 California Reports, page 105, has also been cited. That case has been incorrectly reported, and is no authority in the case now under consideration. But it is said, admitting the declaration is not sufficient to maintain ejectment, it may be sustained as a "Writ of Right." The objection which suggests itself at once as fatal to this position, is that, if any respect to rules of pleading is to be observed, that there is no allegation of seizin in the plaintiffs, or those through whom they claim. In real actions, it is necessary for the demandant to allege, and if traversed, to prove a seizin, either in himself or his ancestors through whom he claims; and in general, it is also necessary to aver that he was seized by taking the esplies or profits. See Roscoe on Real Actions, 174. 1 Henry Blackstone's Reports, Dally v. The King.

We have often intimated our desire for correct pleading, and are forced in the present case to animadvert upon the loose system which the present Practice Act of this State has introduced. Under no enlightened system of jurisprudence should such pleadings be upheld, tending as they do to obscure the true issues involved, to surprise litigants, and embarrass Courts and lawyers.

Judgment reversed with costs.