## SUPREME COURT.

ELIZABETH E. SANDERS agt. JOHN LEAVY.

Where in an action to recover possession of real estate, the plaintiff in his complaint avers that he has the lawful title as the owner in fee simple to the property, and that the defendant is in possession of the said real estate, and unlawfully withholds possession of the same from the plaintiff. *Held*, sufficient, on demurrer. (*This agrees with Ensign agt. Sherman*, 14 *How*. 439.)

*New - York Special Term, July,* 1858.

THE complaint of the plaintiff in this action shows : That

the said plaintiff has the lawful title as the owner in fee simple to the following described real estate situate in the city of New-York, in the county and state of New-York to wit:

All that certain lot, piece or parcel of land, situate, lying and being in the city, county and state of New-York, on the northerly side of Twenty-ninth street, and between Lexington avenue and Third avenue, bounded, described and containing as follows, viz.: (giving the boundaries.)

That the above named defendant is in possession of the said real estate, and unlawfully withholding possession of the same from the plaintiff. Wherefore the said plaintiff demands judgment that the said defendant may be adjudged to surrender possession of the said real estate, and to pay to the said plaintiff damages for the withholding of the same, and for the rents and profits thereof, to the sum of one thousand dollars.

The defendant in this action demurs to the complaint therein, and specifies as a ground of objection that it does not state facts sufficient to constitute a cause of action.

ALLAN MELVILLE, *for defendant*, argued the following points:

The sole ground of demurrer is, the complaint does not state facts sufficient to constitute a cause of action, because,

*First.* It is not alleged that the plaintiff or her grantor was ever in possession.

*Second.* It is not alleged that such possession was disturbed, and they were evicted by the defendant, his grantors or predecessors.

The allegation that the plaintiff has the lawful title as the owner in fee simple, is simply alleging a conclusion of law; and the allegation that the defendant is in possession and unlawfully withholding possession, is no more, as respects the words " unlawfully holding possession," there being no prior averment of facts to support the conclusion. The only allegation of fact in the whole complaint is, that the defendant is in possession and withholds the same from the plaintiff. It therefore follows, that all the facts which the complaint avers may

be true, and yet the plaintiff not have a shadow of right to the judgment which he demands. (*See Lawrence* agt. *Wright,* 2 *Duer,* 673.)

So far the sufficiency of the complaint is tested by the Code, which requires that the complaint in all actions shall state facts. By it the plaintiff shows no title or interest in the land, nor that she was ever in possession of the property, nor that the defendant ever entered or disturbed her possession. By the 455th section of the Code, " the general provisions of the Revised Statutes, relating to actions concerning real property, shall apply to actions brought under this act, according to the subject matter of the action, and without regard to its form." The language of this section has been held to be sufficiently broad to retain the mode of pleading prescribed by 2 *R. S.* 304, §§ 7, 8, 9 and 10, *marginal paging.* (*Warren* agt. *Nelligar,* 12 *How.* 403.)

In case of *Ensign* agt. *Sherman,* decided by Justice EMOTT, (13 *How.* 35,) the complaint is precisely similar to that in this case, and a demurrer interposed, was sustained in a learned opinion, showing a full examination of the question, in which the judge states, that on the argument he was strongly inclined against the demurrer. Opposed to the case decided by Justice EMOTT, is the case of *Waller* agt. *Lockwood,* before general term, sixth district, October, 1856, Judges SHANKLAND, MASON, GRAY and BALCOM. But the question does not seem to have undergone a very full discussion. Judge BALCOM delivered the opinion of the court, and the complaint is precisely similar to the one in this action now before the court. The complaint is sustained after reference to the case decided by HARRIS, Justice, and the case in 2 *Duer,* but no reasons are given in support of the complaint. The court hold that it is sufficient to entitle the plaintiff to recover, contenting itself by stating that the form of the complaint need not be like declarations in ejectment under the Revised Statutes ; that it must state facts instead of fiction, and its sufficiency must be tested by the Code, and not by the Revised Statutes. But it seems to have failed to apply the test of the

Code so laid down, to the complaint before it, which will not stand the test. The decision is of no other authority than one in which it is held that the form prescribed by the Revised Statutes, does not apply. Again; the Code provides that actions shall be prosecuted in the name of the real party. (*Section* 1 ⊏.) How does it appear that this action was prosecuted in the name of the real party in interest? A statement in a complaint, of the facts constituting a cause of action must embrace the plaintiff's title, or in other words, his right of action against the defendant. (*Parker* agt. *Totten*, 10 *How.* 233.)

Does anything appear on the face of the complaint, to show that the plaintiff has a right to maintain the action against the defendant? The complaint alleges, that the plaintiff has the lawful title as the owner in fee simple, to the premises in question, which is simply merely alleging a conclusion of law, in the absence of any statement that she was ever in possession. The plaintiff's interest in the land is an essential fact to be proved, and not being avowed either expressly or by necessary implication, the complaint is defective for this reason alone, because, under the Code, if it appears that the plaintiff is not the real party in interest, it is a bar to the action and no further defence is necessary. (*James* agt. *Chalmers*, 2 *Seld.* 215.) Section 160 of the Code does not apply where the whole pleading is defective, but only where it is defective in part. An issue of law can only arise upon a demurrer. (*Code*, 249; *Id.* 144.)

H. P. TOWNSEND, *for plaintiff*, argued the following points:

" In an action under the Code, to recover the possession of real estate, the complaint is sufficient if it states that the plaintiff has the lawful title as the owner in fee simple, to the premises described therein, and that the defendant is in possession of the premises, and unlawfully withholds possession of the same from the plaintiff, and that the plaintiff demands that the defendant may be adjudged to surrender the possession to him, and to pay damages for the unlawful withholding of the

same, &c." (*Walter* agt. *Lockwood,* 23 *Barbour's Supreme Court Reports,* 228 ; *overruling Lawrence* agt. *Wright,* 2 *Duer,* 673.)

The allegation of the plaintiff's having the legal title, implies the allegation that the plaintiff has been possessed of the premises within the time required by law. " The person establishing a legal title to the premises, shall be presumed to have been possessed thereof within the time required by law, and the occupation by another shall be deemed to have been under or in subordination to the legal title." (*Code,* § 81 ; *Graham's Practice, page* 76.)

It is not necessary to allege in pleading more than the fact to be proved. The evidence by which the fact might be proved, need not be set out in the pleading.

INGRAHAM, Justice. I think the complaint in this case is sufficient. To recover real estate, what is it necessary for the plaintiff to prove? Two things : first, that he is the owner of the property ; secondly, that the defendant withholds from him the possession without right. Both facts are plainly averred in the complaint. The demurrer admits both to be true, and with such an admission made on the trial, could any court refuse to give judgment?

If the defendant's views are right, the plaintiff could be compelled to set out the evidence on which he relies to prove his complaint, and then he would be liable to a motion to strike such allegations from the complaint. If there was any doubt on this point, the decisions of the general term in the second district, in *Ensign* agt. *Sherman,* (14 *How.* 439,) of the sixth district in *Walter* agt. *Lockwood,* (23 *Barb.* 228,) are directly in point.

Judgment for the plaintiff on demurrer, with leave to defendant to answer on payment of costs.