\*JOHN TYSON, Jr. v. G. J. SHEPHERD and others.

*Ejectment, pleading in.*

1. In ejectment, the plaintiff alleged that he was the "owner in fee of the land," and that defendant "unlawfully withholds possession thereof from the plaintiff"; and the defendant denied the first allegation, but made no answer to the second; *Held,* that an issue as to the plaintiff's seizin in fee was immaterial, inasmuch as the failure to answer the second allegation was an admission of the wrongful withholding the possession from the plaintiff.

2. The averment in the complaint of the "unlawful withholding" is sufficient under THE CODE.

(*Garrett* v. *Trotter,* 65 N. C., 430; *Johnston* v. *Pate,* 83 N. C., 110, cited and approved).

EJECTMENT tried at Spring Term, 1883, of ANSON Superior Court, before *MacRae, J.*

The defendants appealed from the ruling and judgment of the court below.

---

\*Mr. Justice ASHE did not sit on the hearing of this case.

*Messrs. S. T. Ashe, J. A. Lockhart* and *T. P. Devereux,* for plaintiff.

*Messrs. J. D. Shaw, Strong & Smedes,* and *J. D. Pemberton,* for defendants.

SMITH, C. J.   The complaint alleges in the first article that the plaintiff is the "owner in fee-simple of the land described," and in the second :

"That the defendants unlawfully withhold the possession thereof from the plaintiff," and demand judgment for possession and damages.

The defendants deny the allegation that the plaintiff is "owner in fee-simple of the land described in the complaint or any part thereof," and make no answer to the allegation contained in the second article of the complaint.

At the trial the defendants proposed an issue as to the plaintiff's seizin in fee, which was refused by the court as immaterial, inasmuch as the failure to answer the second allegation of the complaint was an admission that they were in possession and withholding it from the plaintiff wrongfully, and possession and damages were only claimed in the action.

The jury assessed the damages, the only enquiry submitted to them, and from the judgment thereon the defendants appeal.

While the title of the plaintiff, as owner in fee of the land, when asserted, may be put in issue by the defendants' denial and require proof in its support in order to a recovery, the right of possession may have been separated from the inheritance, so that the seizin may be in one and the right of possession in another, the latter may successfully prosecute his action to get or regain possession from a wrong-doer.

The defendants' answer seems to recognize this distinction, and while they controvert the allegation of full ownership in the plaintiff, they concede his right to possession and their wrongful withholding from him.   How could their occupation be a wrong to him unless it was inconsistent with his right to occupy

the premises? And if so, the state of the title is not drawn in controversy, nor the plaintiff called on to show that it is vested in him. His right to a judgment for what he demands is as complete as if he had title in fee.

Some comments have been made upon the form of the allegation in characterizing the defendants' withholding as *wrongful*, as blending a fact with matter of law and not in accordance with the rules of pleading introduced by the Code of Civil Procedure.

The complaint would not be defective in failing to aver " that the defendants *illegally* and *wrongfully* withheld the possession from the plaintiff, yet the absence of those words was a subject of exception in the case in which that ruling was made. *Garrett* v. *Trotter*, 65 N. C., 430.

It is certainly an appropriate form of charging the defendants, and an admission of the fact and law involved in the plaintiff's claim to be put in possession. An occupation may be rightful or wrongful, and a defendant may admit his possession wrongful against one claiming it and dispense with an enquiry as to its lawfulness.

This the defendants do, and thus they submit to the judgment of the court against them.

The policy of the new system is to narrow controversy to such disputed matters as are necessary to be disposed of in order to a final determination, and, when the concessions are sufficient for such purpose, to disregard others which are not essential.

We are not disposed to acquiesce in such refinements as were made by the supreme court in California, where in *Payne* v. *Treadwell*, 5 Morris' Rep., 310, it is held that an allegation of ownership in fee and possession in defendant unlawfully withheld, was insufficient, for the reason " that the defendant may be in possession as tenant or otherwise, and his possession consistent with the plaintiff's title"; nor to the ruling in New York in *Lawrence* v. *Wright*, 2 Duer, 673, where it is declared that an averment of title in the plaintiff is defective, in that it is not a statement of fact but a conclusion of law.

On the other hand, such a complaint as was filed in *Payne* v. *Treadwell* is sustained on demurrer by the supreme court of New York, in *Sanders* v. *Leary*, 16 How. Pr. Rep., 308, while this court has declared a demurrer to a complaint in such form frivolous, in *Johnston* v. *Pate*, 83 N. C., 110.

There is no error and the judgment must be affirmed.

No error.                                                  Affirmed.