## CYNTHIA E. JONES, APPELLANT, *v.* JANE MEMMOTT, RESPONDENT.

PLEADING.—EJECTMENT.—COMPLAINT.—A complaint in an action of ejectment which alleged that the plaintiff was, and at all the times therein mentioned, had been the owner of, and seised in fee of certain land, and that the defendant was in possession thereof wrongfully withholding the same from plaintiff; *held*, under the Code of Civil Procedure sufficient, since possession and the right thereof is presumed to follow the legal title.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. King and Houtz* and *Mr. Samuel L. Page*, for the appellant.

*Mr. M. M. Kellogg*, for the respondent.

MINER, J.:

The complaint in this case was filed August 19, 1890, and alleges " that the plaintiff is, and at all times therein mentioned was, the owner of and seised in fee of

lot 4, block 7, plat K, Payson City survey of building lots in Utah county, Utah Territory, etc.; that the defendant is in possession thereof, and unlawfully withholds the same from the plaintiff, to her damage in seventy-five dollars," etc. The defendant denied each allegation in the complaint. The case proceeded to a trial before a jury, whereupon the defendant attorney interposed an objection to any evidence whatever being introduced under the complaint, on the ground that the allegations in the complaint were insufficient to admit of any evidence being introduced thereunder; the defendant contending that plaintiff must allege in her complaint that, at some time prior to the commencement of the action, the plaintiff was the owner of the premises, and either in possession of or entitled to the possession of said premises; and that the defendant either wrongfully entered into said possession, and ousted plaintiff, and still holds said possession wrongfully, or that the defendant entered into the possession of the premises lawfully, but now holds the possession wrongfully; and claim that this position is sustained in *Payne* v. *Treadwell,* 5 Cal. 310; *Gladwin* v. *Stebbins,* 2 Cal. 105. The court sustained the objection, and gave plaintiff permission to amend his complaint, which he declined to do; and thereupon, on motion of defendant's attorney, the court directed a verdict for the defendant. In this ruling, decision, and judgment thereon the plaintiff alleges error.

In this Territory, "there is but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs." Comp. Laws 1888, § 3126. And in such actions the complaint must contain "a statement of the facts constituting the cause of action in ordinary and concise language." Id. § 3219. Consequently all technical allegations and fictions peculiar to the old form of an action of ejectment are

unnecessary.  The ultimate facts, as they exist, should be alleged in ordinary and concise language; and only such facts need be alleged as are necessary to be proved, except to negative a positive performance of the obligation on which the action is based, or to negative an inference from an act which is in itself indifferent and connected therewith.  While possession does not always accompany the legal title (Id. § 2621), yet in actions to recover real property, the right of possession in this Territory is presumed to accompany the ownership within the time required by law, and the possession is presumed subordinate to the legal title.  Id. § 3133.  It is sufficient, therefore, in a complaint in ejectment, for the plaintiff to aver, in respect to the title, that, at the time of the commencement of the action, he was the owner of and seised in fee or for life, or for years, according to the fact, of the premises described in the complaint, and the right to the possession follows as a conclusion of law from the seizure, and need not be specifically alleged; and it should further appear from the complaint that the defendant is in possession of the premises claimed by the plaintiff, and withholds the possession thereof from the plaintiff, and, if the defendant's holding rests upon an existing right, he should show such right affirmatively in his defense.  The withholding of the possession from one who is seized of the premises is presumably adverse to his rights, and therefore wrongful and unlawful, and it is because of the presumption that the plaintiff can rest his case at the trial, in the first instance, upon proof of seizure, and the possession by the defendant.  " When these facts are established in an action of ejectment, the law implies a right of present possession in the plaintiff, and a holding adverse to that right in the defendant."

In a case where the plaintiff has been in possession of

premises which he seeks to recover by action, against
one who has ousted him therefrom, it is then sufficient
for him to allege such possession, and the entry, ouster,
and continual withholding by the defendant.    Such alle-
gations are proper where they can be truthfully made,
and agree with the facts of the case, but they are not
essential or necessary, under our practice.    This doctrine
is sustained by the courts of New York and California.
*Ensign* v. *Sherman,* 14 How. Pr. 439; *Walter* v. *Lockwood,*
23 Barb. 228; *Sanders* v. *Leavy,* 16 How. Pr. 308; *Payne*
v. *Treadwell,* 16 Cal. 242–244.    The doctrine of this last
case, opinion by FIELD, C. J., is approved by a large
list of California decisions, among others the following:
*McCarthy* v. *Yale,* 39 Cal. 586; *Haight* v. *Green,* 19 Cal.
117; *Ferrer* v. *Insurance Co.,* 47 Cal. 431; *Keller* v. *Ruiz
de Ocana,* 48 Cal. 638; *Brown* v. *Kentfield,* 50 Cal. 132;
*Kidder* v. *Stevens,* 60 Cal. 422; *Rego* v. *Van Pelt,* 65 Cal.
256, 3 Pac. Rep. 867; and expressly overrules *Gladwin* v.
*Stebbins,* 2 Cal. 105; *Payne* v. *Treadwell,* 5 Cal. 310;
*Gregory* v. *Haynes,* 13 Cal. 592,—cited and relied upon
by the defendant.    It follows, from the views herein
expressed, that the complaint in this case was sufficient,
and plaintiff should be allowed to introduce his proof
under it.    The verdict and judgment of the court below
is set aside, and a new trial ordered, with costs to abide
the result.

ZANE, C. J., concurred.