B. H. ALDRIDGE AND BELLE W. ALDRIDGE, HIS WIFE, v. GREENS-
BORO FIRE INSURANCE COMPANY.

(Filed 14 December, 1927.)

1. Pleadings—Enlarging Time—Courts—Discretion—Statutes.

The judge of the Superior Court where a civil action has been brought
has the discretionary power to enlarge the time in which an answer may
be filed to the complaint beyond that limited before the clerk, upon such
terms as may be just, by an order to that effect. C. S., 536; Public Laws
1921, Ex. Ses., ch. 92; Public Laws 1923, ch. 53; Public Laws 1924, Ex.
Ses., ch. 18.

2. Insurance, Fire—Policies—Contracts—Sole Ownership—Encumbrance
—Principal and Agent—Waiver.

Where a policy of fire insurance provides that, not subject to waiver,
it will be void if the insured has not the sole or absolute title to the
property, unless specifically appearing by agreement to the contrary in
the policy contract, it may be waived by the local agent when fully in-
formed that the title was held in entirety by the insured and her hus-
band, and encumbered by a mortgage in a specified amount, and the
policy is accordingly issued and the premiums paid.

3. Same—Imputed Knowledge—Forfeiture—Equity.

Equity will construe a contract to reasonably avoid a forfeiture, and
where the agent of a fire insurance company delivers a policy of fire
insurance to the insured, with knowledge, contrary to its terms as affect-
ing its validity, that the insured did not have sole and unconditional
ownership, etc., the knowledge of the agent is imputed to the insurer
and is a waiver of the written terms of the policy contract, upon its
unconditional delivery.

4. Same—Notice.

Where the agent of a fire insurance company has been informed by the
insured that the property was subject to a debt, and that the policy, as
he may elect, might be made to herself or to her husband, or both, as it
belonged to them: *Held*, sufficient to put the agent on his guard, and
inequitable *to* void the policy because the property was owned by the
wife and her husband in entirety, and that the debt was not sufficiently
described, and a forfeiture of the policy for that reason will not be
decreed; and further, it is immaterial whether the agent understood the
nature of real property so held by entirety.

APPEAL by defendant from *Parker, J.,* at February Term, 1927, of
RUTHERFORD. No error.

Action on a policy of fire insurance. The verdict, which includes
sixteen issues, established these facts: (1) The delivery of the policy to
B. H. Aldridge on 22 April, 1925; (2) the policy was applied for by
the *feme* plaintiff and issued in the name of her husband by consent
and with her approval; (3) the defendant knew when the policy was

applied for and issued that the plaintiffs were husband and wife and were the owners of the insured property, and the policy was issued by agreement in the name of B. H. Aldridge for the protection of both plaintiffs; (4) when the policy was issued there was a debt outstanding on the insured building; (5) this was known to the defendant when the policy was applied for and issued; (6) in the building and the land on which it stood the plaintiffs had an estate by entireties subject to a deed of trust for $500; (7) the defendant waived the condition that the policy should be void if the interest of B. H. Aldridge in the building was other than sole and unconditional ownership or not an estate in fee; (8) the insured property, real and personal, was destroyed by accidental fire on 21 June, 1925; (9) the value of the building was $4,000; (10) no part of the personal property was encumbered by a chattel mortgage; (11) the personal property was owned by the plaintiffs; (12) a piano and furniture of the value of $196 was encumbered by an unregistered conditional sale contract; (13) the defendant waived the condition of sole ownership in the personal property; (14) also the condition that it would not be liable if the property was encumbered; (15) the value of the personal property in the conditional sale contract was $479; (16) the value of the destroyed personal property was $2,695.

The policy contained the following provisions: "This entire policy of insurance shall be void unless otherwise provided by agreement in writing hereto: (a) If the interest of the insured be other than unconditional and sole ownership; (b) if the subject of insurance be a building on ground not owned by the insured in fee simple, or (c) if with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed. Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder encumbered by chattel mortgage and during the time of such encumbrance this company shall be liable only for loss or damage to any other property insured hereunder. No one shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement added hereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added thereto, nor shall any provision or condition of this policy or any forfeiture be held to be waived by any requirement, act or proceeding on the part of this company relating to the appraisal or any examination herein provided for, nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto."

Upon the verdict judgment was given for the amount of the policy ($5,000 with interest from 21 June, 1925), and the defendant appealed upon assignments of error referred to in the opinion.

*Edwards & Dunagan, W. C. Newland, S. J. Erwin and S. J. Erwin, Jr., for plaintiffs.*
*W. C. McRorie for defendant.*

ADAMS, J. The complaint was filed on 12 December, 1925, and the answer 2 January, 1926. At a special term of the Superior Court held in December, 1926, the *feme* plaintiff was made a party and leave was granted the plaintiffs to reply to the answer. The defendant objected to the order authorizing the replication, apparently on the ground that pleadings must be filed and issues joined before the clerk. Public Laws 1921, Ex. Ses., ch. 92; Public Laws 1923, ch. 53; Public Laws 1924, Ex. Ses., ch. 18. These statutes have reference to the clerk and were not intended to impair the broad powers conferred on the judge, who "may in his discretion and upon such terms as may be just allow an answer or reply to be made, or other act done, after the time limited or by an order to enlarge the time." C. S., 536; *McNair v. Yarboro,* 186 N. C., 111; *Cahoon v. Everton,* 187 N. C., 369; *Battle v. Mercer, ibid.,* 437; *Roberts v. Merritt,* 189 N. C.,194; *Butler v. Armour,* 192 N. C., 510. The order was an exercise of the court's discretion and will not be disturbed.

Although the policy designated B. H. Aldridge as the insured, evidence was admitted on behalf of the plaintiff tending to show that Mrs. Aldridge had applied for the insurance, had told the agent that the property was encumbered with a debt of one thousand dollars; that she and her husband owned the property, and that the policy might be issued in the name of herself, in the name of her husband, or in the names of both. To this evidence the defendant excepted for the avowed reason that it tended to establish a parol contract of insurance and necessarily to vary the terms of the policy; also because it was incompetent as proof of the defendant's waiver of the conditions on which the policy might be forfeited. Closely related are exceptions to instructions based upon this and similar testimony—all these exceptions assailing the sufficiency of evidence in support of the defendant's alleged waiver.

Waiver is a voluntary and intentional relinquishment of a known right and implies an election to dispense with something of value or to forego some advantage which might be demanded. 27 R. C. L., 904. "Where a ground exists upon which the company may have the right to avoid or forfeit the policy, it may with knowledge thereof intentionally relinquish its right, or its conduct may justify insured in the belief that it does not intend to take advantage of it; hence it may be estopped

from claiming that the policy is avoided or forfeited if insured acts in reliance upon this belief to his prejudice. The courts being loath to enforce a forfeiture are prompt to seize upon any circumstances which indicate a waiver on the part of the company, or which will raise an estoppel against it." 32 C. J., 1315, sec. 565.

It is true that under certain conditions the terms set out in a policy of insurance can be waived only in the manner prescribed by the contract (Black v. Ins. Co., 148 N. C., 169); but the provisions which usually restrict the agent's power of waiver do not as a rule apply to an agent who has knowledge of conditions existing at the inception of the contract. These conditions may be waived by the agent although embraced in the policy when it is delivered, for in these circumstances the agent's knowledge is the knowledge of his principal. Smith v. Ins. Co., 193 N. C., 446; Bullard v. Ins. Co., 189 N. C., 34; Insurance Co. v. Lumber Co., 186 N. C., 269; Johnson v. Ins. Co., 172 N. C., 142. Applying this principle to the evidence, neither in the admission of the testimony nor in the instructions to which the exceptions relate have we discovered any sufficient or satisfactory cause for awarding a new trial.

The defendant contends, however, that if this be conceded the action, nevertheless, should have been dismissed as in case of nonsuit. Its position is that the plaintiffs neither referred to the deed of trust as an encumbrance on the property nor made known to the defendant the nature of their title, and that the defendant could not therefore have intended to waive its right to insist upon the forfeiture. In regard to the first proposition it may be said that the defendant's agent had been definitely informed that the plaintiffs were "in debt $1,000 on this property." Whatever the nature of the indebtedness the agent was put on his guard; and even if the character of the outstanding encumbrance was not described it would still be inequitable to permit a forfeiture of the policy for the reason which the defendant assigned. And in reference to the second proposition it is immaterial in our opinion whether the agent or the plaintiffs understood the nature of an estate by entireties; the decisive fact is the information given to the agent as shown by the testimony of Mrs. Aldridge. In her conversation with him she said: "You can make it (the policy) to me or to my husband, or to both of us. . . . I told him it (the property) was ours, he could make it (the policy) to me or my husband, or make it to both of us, it did not make any difference which one he made it to, because what was one's was the other's."

This evidence, while perhaps not as comprehensive as the plaintiffs contend, was submitted to the jury on the question of the joint ownership of the property, the defendant having offered no testimony, and the issue, under instructions free from error, was answered in favor of the

plaintiffs. The case of *Hardin v. Ins. Co.*, 189 N. C., 423, cited by the defendant, is easily distinguishable and calls for no special comment.

The issues, sixteen in number, covered all phases of the controversy, and we find in the record no assignment of error which requires another trial.

No error.-