EDWARD DALTON SMITH v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 10 April, 1935.)

1. **Pleadings E c—Allowance of amendment to pleadings held within discretionary power of trial court in this case.**

   Plaintiff brought suit on a disability clause in a policy of life insurance, and defendant insurer filed answer alleging that the disability complained of, originating prior to the issuance of the policy, was not covered thereby. The trial court allowed plaintiff to amend his complaint by alleging waiver by defendant of the condition precedent to his right of action that the disability should originate subsequent to the issuance of the policy. *Held:* The allowance of the amendment was in the court's discretionary power, and is not objectionable on the ground that it substantially changed the cause of action, C. S., 547, or that the time for filing reply to defendant's further answer had long since expired, C. S., 536.

2. **Insurance K a—**

   In the absence of fraud or collusion between insured and insurer's agent, knowledge of the agent, acting in the scope of his authority, at the inception of the policy of violations of its conditions or covenants is imputed to the insurer, though the policy contains a stipulation to the contrary.

3. **Insurance R c—Complaint held to state cause of action on disability clause.**

   In an action on a disability clause in a policy of life insurance a complaint alleging disability within the terms of the policy, and that the condition of the policy that such disability should occur after the issuance of the policy, was waived by knowledge of insurer's agent at the time the policy was issued that insured had been treated for a defect in his eye and had seemingly entirely recovered and had been in good health for five years *is held* good as against a demurrer.

4. **Appeal and Error J a—**

   Ordinarily an appeal from a discretionary order of the lower court will be dismissed.

APPEAL by defendant from *Cowper, Special Judge,* at November Term, 1934, of PITT. Affirmed.

This is an action brought by plaintiff to recover a certain amount of money, for total and permanent disability, under a policy for $5,000, issued to him by defendant, on 9 October, 1926. The premiums have all been paid.

A provision in the policy is as follows: "Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the insured's age at nearest birthday is sixty."

It is contended by defendant that the disability occurred before the policy was issued. That the plaintiff answered "No" in his application to the following question: "Have you consulted any physician for or suffered from any ailment or disease of the skin, middle ear, or eyes?"

In plaintiff's claim for disability benefits made 19 August, 1932, he answered questions as follows: "(a) Are you wholly disabled at the present time? 'Yes.' (b) State cause of disability: 'Don't know.' (a) On what date did the illness begin that led up to the present disability, and what was the nature of the illness? 'Some time in 1925, my right eye hurt at night, until I had it treated.' (b) Give name and address of the first physician consulted at the beginning of that illness: 'A. L. MacLean, 1201 N. Calvert St., Baltimore, Md. Was at Johns Hopkins Hospital at that time.' (c) State date on which you first consulted that physician: 'Sept. 16, 1925.' (d) Give names of all other physicians consulted and dates of such consultations: 'J. O. Baxter, New Bern, N. C., April, 1932.' From what date has your disability prevented you from engaging in any occupation whatsoever for remuneration or profit? 'January 1, 1932.'"

The plaintiff was allowed by the court below to amend his complaint and set up the plea of waiver. The plaintiff contended their agent who sold him the policy knew about the eye treatment. That the eye, for six years, had given him no trouble after the treatment, and for five years from the time the policy was issued he was in good health and under no disability. That when the policy was taken out he was not 19 years old, and a pupil in the school conducted by the agent of the defendant company, who solicited the insurance. Without further detailing same, facts are set forth that would entitle plaintiff to a waiver issue on this application aspect. This action was here before on the question of removal to the Federal Court, 205 N. C., 348. The only exception and assignment of error made by the defendant will be set forth in the opinion.

*S. J. Everett for plaintiff.*
*Albion Dunn for defendant.*

CLARKSON, J. The defendant's first and only exception and assignment of error embraces its exception to the order of his Honor, G. V. Cowper, special judge presiding at the November Term, 1934, permitting the plaintiff to amend his pleadings so as to set up a waiver of the conditions of the policy by the defendant, and the defendant contends that said order was erroneously granted for that: "(1) It is in violation of section 547, C. S., in that the amendment changes substantially the claim of the plaintiff, and (2) the court was without authority to permit a replication, for that the time for replying to the further answer and defense of the defendant had long since expired." We cannot so hold.

N. C. Code 1931 (Michie), sec. 536, is as follows: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order to enlarge the time."

Section 547 is as follows: "The judge or court may before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party; by correcting a mistake in the name of a party, or a mistake in any other respect by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved. When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it conformable thereto."

The contention of defendant cannot be sustained. In *Aldridge v. Ins. Co.*, 194 N. C., 683 (685), we find: "At a special term of the Superior Court held in December, 1926, the *feme* plaintiff was made a party and leave was granted the plaintiffs to reply to the answer. The defendant objected to the order authorizing the replication, apparently on the ground that pleadings must be filed and issues joined before the clerk. Public Laws 1921, Ex. Ses., ch. 92; Public Laws 1923, ch. 53; Public Laws 1924, Ex. Ses., ch. 18. These statutes have reference to the clerk and were not intended to impair the broad powers conferred on the judge, who 'may in his discretion and upon such terms as may be just allow an answer or reply to be made, or other act done, after the time limited or by an order to enlarge the time.' C. S., 536; *McNair v. Yarboro*, 186 N. C., 111; *Cahoon v. Everton*, 187 N. C., 369; *Baltle v. Mercer, ibid.*, 437; *Roberts v. Merritt*, 189 N. C., 194; *Buller v. Armour*, 192 N. C., 510. The order was an exercise of the court's discretion, and will not be disturbed."

SMITH *v.* INSURANCE CO.

In *Hines v. Lucas,* 195 N. C., 376 (377), is the following: "The judge had the power to extend the time for filing complaint and his refusal to dismiss the action, under the facts presented, was at least equivalent to an order permitting the filing of complaint. Under the law as now written, when a cause is properly before the judge, he has power, in the exercise of a sound legal discretion, to extend the time for filing pleadings. C. S., 536; *Aldridge v. Ins. Co.,* 194 N. C., 683. While it is true that the *Aldridge case, supra,* and the line of cases therein cited, refer more particularly to filing answer, no sound reason occurs to us why the same power does not exist for enlarging the time for filing complaint. C. S., 536." *Bowie v. Tucker,* 197 N. C., 671 (673); *Washington v. Hodges,* 200 N. C., 364 (370); N. C. Practice and Procedure in Civil Cases (McIntosh), sec. 485, pp. 513-4.

It is well settled by a long line of decisions in this jurisdiction that in the absence of fraud or collusion between the insured and the agent, the knowledge of the agent, when acting within the scope of the powers entrusted to him, will be imputed to the company, though the policy contains stipulation to the contrary. This principle applies to conditions existing at the inception of the policy and not after the policy has been issued. The doctrine of waiver is applied by the courts upon the well-settled principles of equity. *Greene v. Ins. Co.,* 196 N. C., 335 (339-40); *Midkiff v. Ins. Co.,* 197 N. C., 139 (142); *Houck v. Ins. Co.,* 198 N. C., 303 (305); *Colson v. Assurance Co.,* 207 N. C., 581 (583-4).

In *Stockton v. Insurance Co.,* 207 N. C., 43 (44), it is said: "Under their plea of waiver, it was competent for the plaintiffs to show that defendant's agent had full knowledge of the encumbrance held by the Federal Land Bank at the time of the issuance of the policy in suit. *Houck v. Ins. Co.,* 198 N. C., 303, 151 S. E., 628; *Aldridge v. Ins. Co.,* 194 N. C., 683, 140 S. E., 706; *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124."

The amended pleading, which was granted in the discretion of the court below, did not change substantially the cause of action, and it set up a waiver to defendant's allegation. A cause of action is stated by plaintiff and the demurrer *ore tenus* of defendant cannot be sustained. Ordinarily an appeal to this Court will be dismissed when taken from a discretionary order in the court below. The judgment of the court below is

Affirmed.