## SUSAN CHERRY v. MARY WALKER.

(Filed 29 November, 1950.)

**1. Deeds § 16c—**

    Grantor is not entitled to cancellation of a deed for breach of covenant
constituting the consideration therefor that grantee support and maintain
grantor for the remainder of grantor's life.

**2. Pleadings §§ 3a, 19c—**

    Each cause of action should be stated separately without reference to
any other cause, and allegations of one cause should not be considered in
passing upon a demurrer *ore tenus* to another cause.

CHERRY v. WALKER.

**3. Ejectment § 13—**

> Allegations to the effect that plaintiff is the owner of certain land described by reference to a deed, and that defendant is in the wrongful possession thereof and refuses to surrender same, is sufficient to overrule demurrer.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Phillips, J.,* July Term, 1950, of GASTON.

This action was instituted for the purpose of having a deed canceled for failure of consideration and to recover the possession of the premises.

It is alleged in the first cause of action that the premises involved were conveyed to the plaintiff and her husband, William Cherry, as tenants by the entirety, on 10 November, 1908; that the conveyance is recorded in the office of the Register of Deeds of Gaston County, in Book 75, page 150; that she survived her husband and became the owner of the property in fee simple; that on 24 April, 1943, she conveyed the property to the defendant, by deed which is recorded in Book 438, page 370, in the office of the Register of Deeds for Gaston County; and that the defendant has failed and refused to pay any part of the consideration.

For a second cause of action, the plaintiff alleged she is the owner of a tract of land described in that certain deed, recorded in Book 438, page 370, in the office of the Register of Deeds for Gaston County, reference to which is made for a description of the land, and that the defendant is in the wrongful possession thereof and refuses to surrender the same to the plaintiff.

When the case was called for trial below, the defendant interposed a demurrer *ore tenus* to the first and second causes of action. The court overruled the demurrer to the first cause of action, but sustained it as to the second. Exception.

At the close of plaintiff's evidence on the first cause of action, the defendant moved for judgment as of nonsuit. The motion was allowed and judgment so entered. Plaintiff appeals, assigning error.

*J. L. Hamme for plaintiff.*
*S. B. Dolley for defendant.*

DENNY, J. The deed involved herein was executed "in consideration of one dollar cash in hand paid together with the further consideration of the support and maintenance of party of first part, by party of second part with any and all medical care necessary for her health and comfort, paid by the party of the second part and to be performed as long as said party of the first part may live."

In view of the above provisions, the judgment as of nonsuit on the first cause of action is affirmed, on authority of *Minor v. Minor, ante,* 669, and cited cases.

Under our system of pleading, each cause of action should be stated separately and without reference to any other causes. McIntosh—N. C. Practice and Procedure, Section 433, p. 442. And the allegations contained in one cause of action should not be considered in passing upon a demurrer *ore tenus* to another cause of action.

In considering the second cause of action herein, the allegations to the effect that the plaintiff is the owner of certain land described in a deed, reference to which is made for a complete description thereof, and that the defendant is in the wrongful possession of the land and refuses to surrender the possession to plaintiff, would seem to be sufficient to withstand a demurrer *ore tenus.* McIntosh—N. C. Practice and Procedure, Section 382, p. 392; *Johnston v. Pate,* 83 N.C. 110; *Tyson v. Shepherd,* 90 N.C. 314.

It might be the part of wisdom for the plaintiff, if so advised, to recast her pleadings, in this cause of action, so as to allege that she reserved a life estate in the premises conveyed to the defendant, and that she is the owner thereof and entitled to the possession of the premises by virtue of such reservation.

Appeal on first cause of action, Affirmed.

Appeal on second cause of action, Reversed.

JOHNSON, J., took no part in the consideration or decision of this case.