ROBERT O. ALEXANDER v. LAWRENCE E. BROWN AND CARL W. SMITH.

(Filed 24 September, 1952.)

**1. Malicious Prosecution § 7—**

In an action for malicious prosecution, plaintiff is entitled to allege the fact of his arrest and all circumstances of aggravation attending it as bearing upon the issue of damages.

**2. Pleadings § 22b—**

Where an amended complaint is filed after expiration of the time allowed in the order permitting the filing of the amendment, the trial court has the discretionary power to enter an order extending the time for the filing of the amendment to the date of the hearing and overrule defendant's motion to strike on the ground that the amendment was filed after the expiration of the time allowed. G.S. 1-163, G.S. 1-152.

**3. Judgments § 17a—**

Where a judicial ruling is susceptible of two interpretations, the court will adopt the one which makes it harmonize with the law properly applicable to the case.

**4. Courts § 5—Order allowing amendment, made after order allowing motion to strike, held not repugnant when properly construed.**

Where a motion to strike a paragraph of the complaint relating to the second cause of action is made on the ground that the facts alleged therein by reference to paragraphs of the first cause of action were irrelevant, and such motion is granted without statement of reasons, another Superior Court judge has the discretionary power to allow an amendment setting out the same facts in full instead of by reference to other parts of the complaint, when such allegations are relevant and material, since the order granting the motion to strike will be interpreted as based upon error in incorporating allegations by reference contrary to Supreme Court Rule No. 20 (2) and not on the ground that the allegations were immaterial, and thus the two orders harmonized, with the second implementing rather than repudiating the first.

APPEAL by defendants from *Bobbitt, J.,* at June Term, 1952, of BUNCOMBE.

Civil action for false arrest and imprisonment and for malicious prosecution heard upon a motion to strike parts of an amendment to the complaint.

These are the salient facts:

1. This cause was heard by us at the Fall Term, 1949. *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470.

2. Thereafter, to wit, on 7 June, 1951, the plaintiff Robert O. Alexander recast his complaint so as to allege a first cause of action against the defendants Lawrence E. Brown and Carl W. Smith as joint tortfeasors for false arrest and imprisonment, and a second cause of action against the defendant Lawrence E. Brown alone for malicious prosecution.

3. Both causes of action allegedly arose out of a series of related events, which are depicted from the plaintiff's point of view in the opinion on the former appeal.

4. When he remodeled his complaint, the plaintiff recounted the circumstances attending his arrest and imprisonment with particularity in the eight paragraphs of his first cause of action.

5. The plaintiff invoked the deprivation of his liberty as an element of damage in his second cause of action. But he did not set out in his statement of his second cause of action the circumstances accompanying his arrest and imprisonment. He undertook, however, to incorporate such circumstances in his second cause of action by inserting this reference to the allegations of his first cause of action in the first paragraph of his second cause of action: "That the plaintiff reiterates the allegations contained in paragraphs 1 through 8 of his first cause of action."

6. The defendants thereupon moved to strike the first paragraph of the plaintiff's second cause of action on the ground that the allegations thereby "made a part of said cause of action by reiteration . . . are immaterial, irrelevant, and prejudicial to the defendant Lawrence E. Brown."

7. The motion to strike was heard by His Honor, J. C. Rudisill, the presiding judge at the June Term, 1951, of the Superior Court of Buncombe County, who entered an order striking out "all of paragraph one of the second cause of action" and allowing the plaintiff until 6 July, 1951, as time in which to amend his complaint.

8. Three days after the expiration of the time specified by Judge Rudisill, to wit, on 9 July, 1951, the plaintiff filed an amendment to the complaint in which he restated his second cause of action in its entirety. The first eight paragraphs of the amendment set out in specific detail the plaintiff's version of the facts surrounding his arrest and imprisonment.

9. The defendants thereupon made a twofold motion to strike. They moved to strike the amendment as a whole on the ground that it "was filed . . . three days after the time for filing had expired," and they moved to

strike the first eight paragraphs of the amendment on the theory that their allegations "are immaterial, irrelevant, and prejudicial," and constitute "a repetition of the paragraph . . . heretofore stricken out . . . by His Honor, J. C. Rudisill."

10. This motion to strike was heard by His Honor, William H. Bobbitt, the presiding judge at the June Term, 1952, of the Superior Court of Buncombe County, who entered an order extending the time for filing the amendment to the date of the hearing, *i.e.,* 10 June, 1952; adjudging the amendment duly filed as of that day; denying the motion to strike in its entirety; and allowing the defendants thirty days to answer, demur, or otherwise plead to the amendment. The order recites in express terms that this action was taken by Judge Bobbitt in the exercise of his discretion.

11. The defendants appealed, assigning Judge Bobbitt's order as error.

*Guy Weaver for plaintiff, appellee.*
*J. W. Haynes for defendants, appellants.*

ERVIN, J.  Since the deprivation of personal liberty suffered by a plaintiff and all circumstances of aggravation attending it constitute elements of damage in an action for malicious prosecution, the present plaintiff's version of the facts accompanying his arrest and imprisonment is clearly germane to his second cause of action.  54 C.J.S., Malicious Prosecution, section 112.

G.S. 1-163 provides that "the judge may . . . amend any pleading . . . by inserting . . . allegations material to the case," and G.S. 1-152 specifies that "the judge may likewise, in his discretion, . . . allow an . . . act to be done after the time limited, or . . . may enlarge the time." These statutory provisions conferred upon Judge Bobbitt the discretionary power to extend the time for filing the amendment to the complaint to the date specified in his order.  *Smith v. Insurance Company,* 208 N.C. 99, 179 S.E. 457.

The defendants insist with much earnestness and eloquence that Judge Bobbitt erred in permitting the plaintiff to file a pleading containing the first eight paragraphs of the amendment and in denying their motion to strike such paragraphs from the amendment even if he did possess discretionary power to permit the plaintiff to file an amendment to the complaint after the time limited in Judge Rudisill's order.  They advance these arguments to support their position : That when he recast his complaint, the plaintiff incorporated his version of the facts attending his arrest and imprisonment in his second cause of action by appropriate reference to the allegations of his first cause of action; that Judge Rudisill adjudged as a matter of law that the plaintiff's version of these facts was

immaterial and irrelevant to his second cause of action and prejudicial to the defendant Lawrence E. Brown, and struck out the first paragraph of the plaintiff's second cause of action for that reason; that this ruling of Judge Rudisill, whether sound or unsound, became binding on the parties as "the law of the case" by the plaintiff's failure to have it reviewed on appeal; that Judge Bobbitt's action in permitting the plaintiff to file a pleading containing the first eight paragraphs of the amendment and in refusing to strike such paragraphs from the amendment was tantamount to a reversal of Judge Rudisill's ruling because the first eight paragraphs of the amendment set out in specific detail the plaintiff's version of the facts accompanying his arrest and imprisonment; and that consequently Judge Bobbitt's action is invalidated by the rule applied in *Power Company v. Peacock,* 197 N.C. 735, 150 S.E. 510, that one Superior Court judge cannot review the decision of another Superior Court judge upon a matter of law or legal inference.

The position of the defendants is rendered untenable by the salutary principle that where a judicial ruling is susceptible of two interpretations, the court will adopt the one which makes it harmonize with the law properly applicable to the case. *In re Summers,* 79 Ind. App. 108, 137 N.E. 291; 49 C.J.S., Judgments, section 436.

While the record reveals that the defendants moved to strike the first paragraph of the plaintiff's second cause of action on the ground that the allegations thereby "made a part of said cause of action by reiteration . . . are immaterial, irrelevant, and prejudicial to the defendant Lawrence E. Brown," it does not compel the conclusion that Judge Rudisill made the erroneous adjudication that the ground assigned by the defendants for their motion was valid in law when he struck out "all of paragraph one of the second cause of action" without stating any reason whatever for his ruling. In entering his order, Judge Rudisill heeded the sage advice which the Earl of Mansfield is reputed to have given those who wear the ermine: "Consider what you think justice requires, and decide accordingly. But never give your reasons; for your judgment will probably be right, but your reasons will certainly be wrong."

When all is said, the order is susceptible of the construction that Judge Rudisill struck out paragraph one of the second cause of action merely because the plaintiff's attempt to incorporate his version of the facts attending his arrest and imprisonment in his second cause of action by reference to the allegations of his first cause of action contravened the rule of court which provides that "every pleading containing two or more causes of action shall, in each, set out all the facts upon which it rests, and shall not by reference to others, incorporate in itself any of the allegations in them, except that exhibits, by marks or numbers, may be referred to without reciting their contents, when attached thereto." Su-

preme Court Rule No. 20 (2), General Statutes, Vol. 4, Appendix 1; *Cherry v. Walker,* 232 N.C. 725, 62 S.E. 2d 329; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648; McIntosh on North Carolina Practice and Procedure in Civil Cases, section 433. This interpretation harmonizes the order with the legal principle that the deprivation of personal liberty suffered by the plaintiff and all circumstances of aggravation attending it constitute elements of damage in the action for malicious prosecution. It is likewise consistent with the inclusion in the order of the provision granting the plaintiff leave to amend his complaint. This provision indicates that Judge Rudisill contemplated that the plaintiff would revamp his second cause of action so as to conform the same to the rule of court.

Under this view, Judge Bobbitt's order implements rather than repudiates Judge Rudisill's ruling. This being true, Judge Bobbitt's order is
Affirmed.